## Pennsylvania Game Commission v. Long, Appellant.

Argued November 13, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused February 10, 1964.

*Oscar S. Schermer,* with him *David L. Creskoff,* and *Schermer & Schermer,* for appellant.

*Robert Broughton,* Deputy Attorney General, with him *Stephen D. Morgan,* Legal Assistant, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellees.

OPINION PER CURIAM, January 7, 1964:

This is an appeal from the order of the court below sustaining the action of the Pennsylvania Game Commission in revoking appellant's hunting license for shooting an antlerless deer out of season. We have carefully reviewed the record and find that the evidence presented is sufficient to sustain the order below.

The attempt of appellant to demonstrate to this Court by geometric formulae the mathematical and physical impossibility of his committing the shooting, though ingenious, is insufficient to overcome the force of the evidence produced by the Commonwealth.

The Commonwealth proved its case by circumstantial evidence and for this purpose quite properly used approximate distances in reconstructing the circumstances of the shooting. Appellant, for the first time in this appeal, applies geometric theories to the approximate figures elicited below in an effort to demonstrate his innocence.

Geometric equations purport to give exact results and thus require the insertion of accurate data. The

slightest deviations are likely to cause significant variations in result. Thus, the data produced by the Commonwealth, though well suited to prove its case, were never intended for and are not adapted for use in a theory such as appellant's. Appropriate data should have been introduced by appellant in the court below before urging us to consider such a theory. In addition, in rigidly applying the formulae, appellant neglected to take into account a number of important variables, particularly the irregularity of the terrain in the area of the shooting. Thus we cannot accept the application of appellant's theory without sanctioning an unwarranted and impermissible distortion of the record.

In view of the supersedeas granted appellant pending final disposition of this appeal, the order of the court below must be modified to read that the period of revocation of appellant's hunting license shall extend for one year commencing on the date of this opinion.

The order is affirmed as so modified.

Mr. Justice JONES and Mr. Justice EAGEN dissent.