## Commonwealth *v.* Santiago, Appellant.

Submitted December 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert M. Davison*, Assistant Public Defender, for appellant.

*Allan B. Goodman,* Assistant District Attorney, and *Charles H. Spaziani,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., April 22, 1976:

This is an appeal from appellant's guilty plea to the charge of robbery.[1] Appellant contends that he was denied effective assistance of counsel in the entering of his plea because he was not informed by counsel that intoxication could have negated an element of the offense. See Section 308 of the Crimes Code.[2] Although it does not appear on the record, appellant contends that his counsel was aware that appellant was intoxicated at the time of the offense. The Commonwealth, rather than address the merits of appellant's claim, argues, citing *Commonwealth v. Starr,* 450 Pa. 485, 487-488 (1973), that the trial court, not this court, is the proper forum to determine, in the first instance, whether appellant should be permitted to withdraw his plea. We agree. As was stated in *Commonwealth v. Roberts,* 237 Pa. Superior Ct. 336, 338-339 (1975): "The same principles which mandate that issues not raised in post-verdict motions will not be considered on direct appeal mandate that an attack on a guilty plea on direct appeal must be preceded by the filing of a petition to withdraw such plea with the court below." In the instant case this procedure is particularly well suited in that appellant's claim cannot be resolved without determining first whether counsel was aware of appellant's intoxication and second whether counsel's actions in light of knowledge of the intoxication had any reasonable basis designed to effectuate his client's interest. See *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604 (1967). To answer these

---

1. Act of December 6, 1972, P.L. 1482, §1, 18 Pa. C.S. §3701.
2. Act of December 6, 1972, P.L. 1482, §1, 18 Pa. C.S. §308.

questions appellant's counsel must be heard. This can be done by the trial court as part of its consideration of appellant's petition to withdraw his guilty plea.

Remanded with a procedendo.

PRICE, J., dissents.