## Commonwealth v. Stover

*John Kocsis, Dowd and Kocsis,* for Commonwealth.

*Joseph R. Gorman,* for appellant.

GARDNER, *P.J.,* August 22, 1977 — On April 15, 1977, the Pennsylvania Game Commission notified appellant, David Charles Stover, that his Pennsylvania hunting privileges would be "suspended" for one year, this action having been based on an earlier acknowledgment of guilt[1] made by appellant.

A timely appeal under the provisions of section 315(6) of The Game Law, supra, has been taken, and this matter arises on the narrow issue of whether the direction of subsection (6): "[T]he matter shall be heard de novo by a judge . . ." allows us to consider the circumstances of the underlying alleged offense and determine guilt or innocence. The appellant, of course, urges such an inquiry, but the Commonwealth asserts that appellant is "collaterally estopped" from "re-

---

1. The Game Law, Act of June 3, 1937, P.L. 1225, art. XII, sec. 1203, as amended and supplemented, 34 P.S. § 1311.1203.

litigating" the issue of his guilt. The Commonwealth further asserts that a full opportunity to trial and appeal, if necessary, existed for the appellant, but that he waived these rights by executing the guilt acknowledgment. In support of this position, the Commonwealth attempts an analogy to the application of the Slayer's Act[2] in Kravitz Appeal, 418 Pa. 319, 211 A.2d 443 (1965), wherein the court denied re-litigation of the underlying criminal conviction.

We are not persuaded by the Commonwealth's reasoning. In our opinion, a more appropriate comparison is a petition to withdraw a plea of guilty.[3] An acknowledgment of guilt can be likened to a guilty plea. No provision for the assertion of a mistake or ill-advised action is made for any retraction or review of such acknowledgment in The Game Law, unless it is found under the provisions of appellate procedure used in the instant matter. If a more restrictive interpretation of the de novo provision is applied, it would appear inconsistent with due process.

In reaching this conclusion, we have been bolstered by President Judge Shughart's excellent and exhaustive opinion in Pennsylvania Game Commission v. Long, 14 Cumb. 94 (1962). Long was appealed to the Supreme Court, which affirmed, 413 Pa. 303, 197 A. 2d 39 (1964), in a per curiam opinion, which stated: "The Commonwealth proved its case by circumstantial evidence . . .", indicating, in our reading, tacit approval of

---

2. Act of August 5, 1941, P.L. 816, as amended, 20 P.S. §3441 et seq.

3. This process is set forth in Commonwealth v. Santiago, 240 Pa. Superior Ct. 63, 361 A.2d 732 (1976).

the lower court's inquiry into the merits of the underlying conviction.

We are further persuaded by Weidman Appeal, 44 D. & C.2d 688 (Lebanon Co. 1968), (the purpose of the appeal under section 315 of The Game Law is to have the court determine not only the guilt or innocence of the defendant, but also whether the period of revocation of the hunting license was excessive), and Bruce Appeal, 41 D. & C. 2d 195 (Cambria Co. 1966). (where defendant voluntarily paid a fine and costs, the court, on an appeal under section 315, is not foreclosed from an inquiry into defenses and the guilt of the violation underlying the revocation.)

### ORDER

And now, August 22, 1977, for the reasons set forth in the foregoing opinion,

It is ordered that Friday, September 9, 1977, at 3:00 p.m., in Courtroom No. 2, at the Court House, in Tunkhannock, Pennsylvania, be and is hereby set as the date, time and place for further hearing, in accordance with the provisions of the foregoing opinion, in the above-captioned matter.