381 A.2d 921

**COMMONWEALTH of Pennsylvania**

v.

**Vincent SANTIAGO, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided Dec. 28, 1977.

288

Robert M. Davison, Bethlehem, for appellant.

James J. Narlesky, Assistant District Attorney, Easton and John E. Gallagher, District Attorney, Easton, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

JACOBS, Judge:

This appeal arises from the denial of appellant's petition to withdraw his guilty plea to charges of robbery, aggravated assault, and conspiracy. On advice of counsel, appellant pleaded guilty, and was subsequently sentenced to seven and one-half to fifteen years imprisonment, costs, and full restitution. On direct appeal, appellant raised the claim that guilty-plea counsel was ineffective in failing to inform him that intoxication was a possible defense to the robbery charge. We remanded for a determination of whether counsel was aware of appellant's intoxication and whether counsel's actions in that respect had any reasonable basis designed to effectuate appellant's interest. *Commonwealth v. Santiago*, 240 Pa.Super. 63, 361 A.2d 732 (1976). We affirm.

Pursuant to our remand order, new counsel appointed to represent appellant petitioned to withdraw the plea. Appellant refused to testify at either hearing on the petition, expressing dissatisfaction with two proposed interpreters, the second of which was appointed at the behest of appellant's new counsel. However, Philip Lauer, guilty-plea counsel, did testify, and we are satisfied from his testimony that he was aware of appellant's alleged intoxication and that his action in entering the plea had a reasonable basis designed to effectuate his client's interest.

Attorney Lauer testified that appellant had little recollection of the crimes because of his intoxication. From his own investigation, counsel learned that two victims were able to identify the defendant, and that defendant was apprehended within thirty minutes of the robbery with the money and an item from the store. Subsequent investigation revealed appellant's lengthy criminal record. Furthermore, counsel testified that at the time of the plea, he believed voluntary intoxication not to be a defense to robbery, based upon *Commonwealth v. Tarver*, 446 Pa. 233, 284 A.2d 759 (1971).

In light of these considerations, counsel advised appellant to plead guilty.

 Appellant contends that this advice deprived him of the effective assistance of counsel, because the intoxication defense was available to him, and he was not so advised. There is no merit to this claim. *Commonwealth v. Graves*, 461 Pa. 118, 334 A.2d 661 (1975), interpreting Section 308 of the Crimes Code, was not decided until March 18, 1975, three weeks after appellant entered his plea. Until that time, *Tarver*, which specifically held that voluntary intoxication is no defense to robbery, controlled. Under these circumstances, we cannot hold counsel ineffective for failure to anticipate future legal developments, or failure to advise appellant of a non-existent defense.

 Moreover, even if we assume that an intoxication defense had been available to appellant, counsel's course of action in advising a plea formed no basis for a finding of ineffective counsel. Counsel explored the possibility of an intoxication defense with appellant, and in light of the evidence against him and his prior criminal record, advised a guilty plea. Consequently, we hold that counsel's actions had a reasonable basis designed to effectuate his client's interest, and were not therefore constitutionally ineffective. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967); *Commonwealth v. Phillips*, 248 Pa.Super. 400, 375 A.2d 158 (1977).

Accordingly, the order of the court below is affirmed.

HOFFMAN, J., files a dissenting opinion, in which CERCONE and SPAETH, JJ., join.

HOFFMAN, Judge, dissenting:

Appellant contends that counsel ineffectively advised him to plead guilty to the charge of robbery because counsel failed to inform him that intoxication sufficient to negative the necessary intent constituted a defense to the charge of robbery. I agree and, therefore, would vacate the judgment of sentence and permit appellant to withdraw his plea.

On February 25, 1975, appellant, following counsel's advice, pleaded guilty to charges of robbery, aggravated assault and battery, and conspiracy in the Court of Common Pleas of Northampton County. On May 19, 1975, the court sentenced appellant to restitution of the money and property taken, restitution for any injuries incurred, payment of the costs of prosecution, and imprisonment for not less than 7½ and not more than 16 years.

On June 9, 1975, appellant filed an appeal to this Court from judgment of sentence; he alleged that counsel's failure to inform him of the availability of an intoxication defense, despite his repeated assertions of intoxication, constituted ineffective assistance of counsel. In response to this claim, our Court remanded the case on April 22, 1976, to allow appellant an opportunity to file a petition to withdraw the guilty plea. *Commonwealth v. Santiago*, 240 Pa.Super. 63, 361 A.2d 732 (1976).[1] Consequently, on August 1, 1976, appellant, represented by new counsel, filed a petition to withdraw the guilty plea.

On May 19, 1976, the lower court held a hearing on appellant's petition to withdraw the plea. At that hearing, appellant's original counsel testified that he had not advised appellant that intoxication negatived the specific intent element of robbery because he was not aware that the Crimes Code was in effect at the time of the guilty plea hearing. More specifically, appellant's attorney stated: "The defendant indicated to me . . . that he was, in his opinion, intoxicated or at least had been drinking and as

1. In *Commonwealth v. Santiago*, supra, our Court held that " 'The same principles which mandate that issues not raised in postverdict motions will not be considered on direct appeal mandate that an attack on a guilty plea on direct appeal must be preceded by the filing of a petition to withdraw such plea with the court below.' " [*Commonwealth v. Roberts*, supra, 237 Pa.Super. 336, 338–339, 352 A.2d 140] "In the instant case this procedure is particularly well suited in that appellant's claim cannot be resolved without determining first whether counsel was aware of appellant's intoxication and second whether counsel's actions in light of knowledge of the intoxication had any reasonable basis designed to effectuate his client's interest." *Commonwealth v. Santiago*, supra, 240 Pa.Super. at 64, 361 A.2d at 732.

a result did not recall what had transpired. . . . It was my understanding of the law, based on whatever research was conducted at the time, that the defense [of intoxication] was not available except in homicide cases. . . . [I]t's been my understanding for some time that that was the law prior to *Commonwealth v. Graves.*" On November 2, 1976, the lower court denied appellant's petition to withdraw the plea because it found that at the time of appellant's guilty plea, *Commonwealth v. Graves,* 461 Pa. 118, 334 A.2d 661 (1975) had not yet been decided and that before *Graves,* supra, intoxication did not constitute a defense to non-homicide charges.[2] This appeal followed.

Appellant contends that counsel ineffectively advised him to plead guilty to the charge of robbery because counsel failed to advise him that his asserted intoxication, if true, constituted a defense to the specific intent element of robbery. *Commonwealth v. Bable,* 248 Pa.Super. 496, 375 A.2d 350 (1977) directly supports appellant's claim and controls the instant case. In *Bable*[3] supra, our Court held that a guilty plea entered after the effective date of the Crimes Code was defective on its face if a defendant's statements during the guilty plea colloquy regarding intoxication negatived an element of the crime. More specifically, we held that statements asserting intoxication at the time of the alleged burglary negatived a necessary element of intent.

In the instant case, at the time of appellant's guilty plea, February 25, 1975, the Crimes Code was in effect. Specifi-

2. In *Commonwealth v. Tarver,* 446 Pa. 233, 284 A.2d 759 (1971), our Supreme Court held that voluntary intoxication could only negate specific intent in cases of felonious homicide. *Commonwealth v. Graves,* supra, subsequently held that when a statute designates a particular state of mind as a material element of a crime, evidence of intoxication becomes relevant if the degree of intoxication is sufficient to negate the required state of mind.

3. In *Commonwealth v. Bable,* supra, we vacated a judgment of sentence and permitted appellant to withdraw his guilty plea on two grounds. We found that (1) statements asserting intoxication at the time of the alleged burglary negatived a necessary element of intent, and (2) the trial court failed to establish a factual basis for the plea and to explain the elements of the offense charged.

cally, the Act of December 6, 1972, P.L. 1482, No. 334 § 1, eff. June 6, 1973; 18 Pa.C.S. § 308 provided: "Intoxication or drugged condition are not, as such, defenses to a criminal charge; but in any prosecution for any offense, evidence of intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to negative an element of the offense."[4] One element of the offense of robbery, as defined in the Crimes Code,[5] includes the commission of a theft which, according to § 3921 of the Crimes Code, requires specific intent.[6] Thus, appellant's intoxication might have negatived the intent element of the robbery charge. Moreover, appellant's original counsel conceded that on numerous occasions, appellant had explicitly informed counsel of his intoxication at the time of the robbery. Thus, appellant's counsel should have informed him that a defense of intoxication might have negatived the specific intent element of the robbery offense. Failure to so advise appellant renders appellant's guilty plea defective.

**4.** The legislature changed this section in 1976. See 18 Pa. C.S. § 308.

**5.** The Crimes Code, supra; 18 Pa. C.S. § 3701 defines robbery as follows: "(a) Offense defined.—

"(1) A person is guilty of robbery if, in the course of committing a theft, he:

"(i) inflicts serious bodily injury upon another;

"(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury; or

"(iii) commits or threatens immediately to commit any felony of the first or second degree.

"(2) An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission.

"(b) Grading.—Robbery is a felony of the first degree."

Section 3701 was amended in 1976 in a manner not affecting the disposition of this case. See The Crimes Code, supra; 18 Pa. C.S. § 3701 (Supp.1977–78).

**6.** The Crimes Code, supra; 18 Pa.C.S. § 3921 defines theft by unlawful taking or disposition as follows:

"(a) Movable property.—A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

"(b) Immovable property.—A person is guilty of theft, if he unlawfully transfers, or exercises unlawful control over, immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto.

Accordingly, I dissent and would vacate the judgment of sentence and permit appellant to withdraw his guilty plea.

CERCONE and SPAETH, JJ., join in this dissenting opinion.