375 A.2d 350

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth Robert BABLE, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided June 29, 1977.

Joseph E. Breman, Kittanning, for appellant.

James H. Owen, Assistant District Attorney, and Joseph A. Nickleach, District Attorney, Kittanning, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the on-the-record colloquy prior to his guilty plea was deficient because the court failed both to establish a factual basis for the plea and to explain the elements of the offense charged.[1] He also alleges that his trial counsel was ineffective for failing to challenge the

---

[1] Appellant also contends that his plea was not knowingly and intelligently entered because his testimony at the plea proceeding indicated a valid defense of intoxication and therefore the court erred in not rejecting his guilty plea after hearing this testimony.

The Pennsylvania Supreme Court in *Commonwealth v. Roundtree,* 440 Pa. 199, 202, 269 A.2d 709, 711 (1970), stated: "We think it is logical and correct that if a defendant pleads guilty to a criminal charge, and then in the next breath contravenes the plea by asserting facts which, if true, would establish that he is not guilty, then his guilty plea is of no effect and should be rejected. For on its face, such a situation would show that the plea was not entered with a complete comprehension of its impact. . . . In other words, a defendant should not be allowed to plead 'guilty' from one side of his mouth and 'not guilty' from the other." See also, *Commonwealth v. Johnson,* 460 Pa. 169, 331 A.2d 473 (1975); *Commonwealth v. Eskra,* 235 Pa.Super. 575, 345 A.2d 282 (1975).

In the colloquy in the instant case, appellant repeatedly stated that at the time of the incident he was so intoxicated that he had no recollection of what occurred. The trial court indicated that based upon *Commonwealth v. Tarver,* 446 Pa. 233, 284 A.2d 759 (1971), voluntary intoxication could only negate specific intent in felonious

plea on direct appeal from the judgment of sentence. We agree and, therefore, vacate the judgment of sentence and permit appellant to withdraw his guilty plea.

Appellant stated that on December 28, 1972, while at the home of appellant's father, appellant and a companion consumed alcoholic beverages during most of the day. On their way to Pittsburgh, they stopped at several taverns where they continued drinking. The men became lost and stopped the car in Kittanning, Armstrong County, where they entered the Agway building and removed several items. The police, who were summoned by an alarm, arrested appellant and his companion on the above date.

homicide. However, at the time of appellant's guilty plea, December 11, 1973, the Crimes Code was in effect. Specifically, The Act of December 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S. § 308, provided:

"Intoxication or drugged condition are not, as such, defenses to a criminal charge; but in any prosecution for any offense, evidence of intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to negative an element of the offense."

(This section was changed by the legislature in 1976, effectively overruling *Commonwealth v. Graves,* 461 Pa. 118, 334 A.2d 661 (1975).)

This section establishes the principle that although intoxication does not excuse criminal conduct, "the only permissible probative value evidence of intoxication may have in criminal proceedings is where it is relevant to the question of the capacity of the actor to have possessed the requisite intent of the crime charged. Where the legislature, in its definition of a crime, has designated a particular state of mind as a material element of the crime, evidence of intoxication becomes relevant if the degree of inebriation has reached that point where the mind was incapable of attaining the state of mind required. It must be emphasized that . . . it may in some instances be relevant to establish that the crime charged in fact did not occur." *Commonwealth v. Pickett,* 244 Pa.Super. 433, 368 A.2d 799, 800 (1976), citing *Commonwealth v. Graves, supra.* Therefore, as of June 6, 1973, this principle extended to all offenses in which such evidence was relevant to negative an element of the offense.

To be guilty of burglary one must have the specific intent to commit a felony within the entered structure. If appellant were so intoxicated that he was unable to formulate this intent, he would not be guilty of burglary. *Commonwealth v. Grello,* 464 Pa. 250, 346 A.2d 543 (1975). Therefore, appellant's statements on the record during the guilty plea colloquy do establish a defense to burglary. The court should have rejected appellant's plea. We reverse and remand for a new trial on this ground as well.

On December 11, 1973, appellant entered a plea of guilty to burglary[2] which the court accepted. On April 4, 1974, the lower court sentenced appellant to a term of imprisonment of four to twelve years. On December 2, 1974, appellant filed a petition under the Post Conviction Hearing Act[3] (hereinafter PCHA). The court appointed counsel to represent appellant and he filed an amended PCHA petition. On March 24, 1976, a PCHA hearing was held before the same judge who accepted appellant's guilty plea. The court denied post conviction relief and this appeal followed.

Appellant contends that his original counsel was ineffective for failing to raise the inadequacy of his guilty plea on direct appeal.[4] Section three of the PCHA requires that:

"To be eligible for relief under this act, a person must initiate a proceeding by filing a petition under Section 5 and must prove the following:

. . . . .

"(d) That the error resulting in his conviction and sentence has not been finally litigated or waived."

Section 4 of the PCHA defines "waived" as follows:

"(b) For the purposes of this act, an issue is waived if:

"(1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and

"(2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue.

2. Act of June 24, 1939, P.L. 872, § 901; 18 Pa.C.S.App. § 4901. Repealed by Act of December 6, 1972, P.L. 1482, No. 334, § 5; eff. June 6, 1973.

3. Act of January 25, 1966, P.L. (1965) 1580, §§ 1 et seq., effective March 1, 1966; 19 P.S. §§ 1180–1 et seq.

4. At the PCHA hearing, appellant's original counsel did not explain his failure to take a direct appeal. When questioned about the defense of intoxication, the attorney explained that he knew that voluntary intoxication was not a defense to burglary.

"(c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure."

■ It is well-settled that ineffective assistance of counsel does constitute an extraordinary circumstance which entitles one to PCHA relief. *Commonwealth v. Wideman,* 453 Pa. 119, 306 A.2d 894 (1973); *Commonwealth v. Green,* 234 Pa.Super. 236, 338 A.2d 607 (1875). "If in fact appellant's contentions would have required a reversal if raised on direct appeal, then *a fortiori,* failure to raise those claims on appeal was ineffective assistance of counsel. . . . Thus, we must consider the merits of appellant's new contentions to decide whether his original counsel's failure to pursue them on direct appeal amounts to ineffective assistance of counsel." *Commonwealth v. Danzy,* 234 Pa.Super. 633, 636, 340 A.2d 494, 496 (1975).

Turning to the merits of appellant's claim, we find that "Rule 319(a) of the Pennsylvania Rules of Criminal Procedure [5] precludes acceptance of a guilty plea unless a colloquy appears on the record which establishes that the defendant's plea is 'voluntarily and understandingly made.' . . . [I]n order to insulate pleas from attack, a colloquy should be conducted which satisfie[s] the court that the 'defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences'. *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 106, 237 A.2d 196, 198 (1968)." *Commonwealth v. Maddox,* 450 Pa. 406, 407–408, 300 A.2d 503, 504 (1973); see also, *Commonwealth v. Jackson,* 450 Pa. 417, 299 A.2d 209 (1973).

■ It is also clear that before accepting a plea of guilty, the trial court must satisfy itself that there is a factual basis for the plea. *Commonwealth v. Maddox, supra; Common-*

5. "(a) Generally. A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere. The judge may refuse to accept a plea of guilty, and shall not accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly made. Such inquiry shall appear on the record."

*wealth ex rel. West v. Rundle, supra.* In *Commonwealth v.* *Ingram,* 455 Pa. 198, 203, 316 A.2d 77, 80 (1974), the Supreme Court held that: "Our finding of a sufficient 'factual basis' does not necessarily mean that defendant 'understood the nature of the charges against him'. While it is permissible for a defendant to enter a valid guilty plea even if he does not expressly admit every element of the crime, a valid guilty plea may not be accepted in the absence of a demonstration of defendant's understanding of the charges. . . In order to demonstrate that a defendant possesses such understanding, he certainly must be told more than just that he has been charged with murder or robbery, for example. While such terms clearly connote some meaning to the layman, this meaning does not always embrace the basic legal elements of the crime. If this were not the case, there would be no need for instructions to a jury on such points, for certainly, an average defendant cannot be presumed to understand more than an average juror. Thus, for an examination to demonstrate a defendant's understanding of the charge, the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms."

Finally, in *Commonwealth v. Minor,* 467 Pa. 230, 235, 356 A.2d 346, 348 (1976), the Supreme Court held that: "[t]he defendant's understanding of the nature and elements of the charges against him has long been an essential part of a valid guilty plea in Pennsylvania. In this respect *Ingram* cannot be said to be new law."

Thus, under Pa.R.C.P. 319(a) and Pennsylvania case law, the trial court must establish on the record both a factual basis for the plea and an understandable outline of the elements of the offense charged.

In the instant case, the following colloquy occurred at the guilty plea:

"Q. Do you understand the nature of this charge that's been lodged against you, that is, burglary?

"A. Yes, sir.

"Q. You are charged with entering a building here in East Franklin Township, which is just across the bridge from Kitanning Borough here—entering a building owned or occupied by Agway, Inc. and with the intent to commit a felony therein.

"A. Yes, sir.

\*   \*   \*   \*   \*   \*

"Q. Well, Mr. Bable, what do you say you did here that caused these charges to be lodged against you?

"A. Well, I was pretty intoxicated, visiting my father in Vandergrift. I was visiting my father in Vandergrift, and we was drinking at a couple of bars and pulled into this place to rest, more or less intoxicated.

"Q. Well, Mr. Bable, did you or did you not enter this building?

"A. Yes, sir.

"Q. What did you do inside that building?

"A. I really don't remember, sir.

"Q. Did you have with you any implements or tools of any kind?

"A. No, sir.

"Q. What time of day was this?

"A. Six-thirty, sir."

Preliminarily, we note that the trial court failed to obtain an adequate factual basis for the plea because it did not ascertain what appellant's conduct was while in the Agway building. Further, the lower court did not adequately explain the elements of the offense of burglary to appellant. Under the Penal Code, burglary was defined as follows:

Whoever, at any time, wilfully and maliciously, enters any building with intent to commit any felony therein, is guilty of burglary, a felony, and upon conviction thereof, shall be sentenced to pay a fine not exceeding ten thousand dollars ($10,000), or to undergo imprisonment, by separate or solitary confinement at labor, not exceeding twenty (20) years, or both.

It is clear that the lower court did not state that appellant had to have the specific intent to commit a felony at the time he entered the building nor did it define the term felony for appellant. While it is true that the term felony may connote some meaning to appellant, it is obvious that the average layman will not understand its legal meaning. Therefore, We hold that counsel was ineffective for failing to take a direct appeal and that the guilty plea in the instant case was not knowingly and intelligently entered because the trial court failed to outline the elements of the crime charged in understandable terms.

We vacate the judgment of sentence and permit appellant to withdraw his guilty plea.

WATKINS, President Judge, and CERCONE and VAN der VOORT, JJ., dissent.