379 A.2d 319

**COMMONWEALTH of Pennsylvania**

v.

**Harry G. SCHWARTZ, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided Oct. 6, 1977.

38

Ronald E. Johnson, Carlisle, for appellant.

Edgar B. Bayley, Jr., Camp Hill, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This appeal is from an order denying relief under the Post Conviction Hearing Act.[1]

1. Act of Jan. 25, 1966, P.L. (1965) 1580, § 1, eff. March 1, 1966; 19 P.S. §§ 1180–1 *et seq.*

On Indictment No. 372 of 1975 appellant was found guilty by a jury of passing a bad check.[2] On Indictment No. 537 of 1975 he pleaded guilty to escape.[3] On June 10, 1975, he was sentenced on each indictment, the sentences to be consecutive.

A direct appeal was filed by appellant's trial counsel, who was a member of the Public Defender's Office. Since appellant wished to question the effectiveness of trial counsel, new counsel, not associated with the Defender's Office, was appointed. In October of 1975, before disposition of the appeal, appellant filed a *pro se* petition requesting relief under the Post Conviction Hearing Act. When it was discovered that the same issues were raised in the petition as on the appeal, the appeal was withdrawn in favor of a proceeding on the petition.

On November 18, 1975, a hearing was held on the PCHA petition before President Judge SHUGHART, who was the judge who had sentenced appellant. The petition was denied, and this appeal was filed. Before it was filed, appellant's counsel was appointed to the Public Defender's Office. Accordingly, appellant's present counsel was appointed to prosecute the appeal.

### No. 372 of 1975 (Bad Check)

Appellant's several complaints regarding his conviction for passing a bad check have not been properly preserved for our review; they are therefore deemed waived. *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975).

■ Appellant does not dispute the fact, as shown in the record, that after he was found guilty by the jury, the judge had him brought back into the courtroom and instructed him on his appellate rights. He was told of his right to file post-trial motions within seven days, of his right to free assistance of counsel, and that only those issues raised in

2. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, 18 Pa.C.S.A. § 4105.

3. *Id.*, 18 Pa.C.S.A. § 5121(a).

post-trial motions could be appealed. Pa.R.Crim.P. 1123. Notwithstanding these instructions appellant told his counsel to file no post-trial motions. Appellant now seeks to avoid the consequences of his action by asserting that the reason he told counsel to file no motions was that he relied on counsel's representation that if no motions were filed, he would receive favorable treatment at the time of sentencing. However, at the PCHA hearing counsel testified that he made no such representation, and that appellant said no motions should be filed because he wanted "to get it over with." PCHA Hearing, N.T. 34. The hearing judge chose to believe counsel, and we find no reason to hold that in doing so the judge abused his discretion.

Appellant also urges that there has been an error with respect to the computation of his sentence in that he should have been given credit for the time he was in custody. Act of Aug. 14, 1963, P.L. 841, § 1, 19 P.S. § 898; Pa.R.Crim.P. 1406. The record demonstrates, however, that on this charge appellant was given nominal bail; he was in custody on other charges.

### No. 537 of 1975 (Escape)

Appellant has adopted the wrong procedure in challenging the judgment of sentence based on his plea of guilty to escape. The gist of appellant's complaint is that his plea was invalid because it was not knowing and voluntary. That issue should be raised not by a direct appeal or PCHA petition but by petition filed with the sentencing judge for leave to withdraw the plea. *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975).

Normally a failure to follow this procedure would result in the issue being deemed waived, unless the appeal was filed before *Roberts*, in which case we would remand for a *nunc pro tunc* petition. *Commonwealth v. McCusker*, 245 Pa.Super. 402, 369 A.2d 465 (1976) (SPAETH, J., dissenting). Here, however, there has been substantial compliance with *Roberts*. While not so styled, appellant's PCHA petition amounted to a petition for leave to withdraw his guilty

plea, for it asked for a trial. Moreover, the petition was considered by the same judge who had sentenced appellant, thereby satisfying the reason for the *Roberts* rule, which is to permit the judge who accepted the plea an opportunity to review its validity. Accordingly, we shall consider appellant's contentions. *Cf. Commonwealth v. Cooke*, 244 Pa.Super. 328, 368 A.2d 741 (1976); *Commonwealth v. McCusker, supra.*

■ Appellant first contends that he was deprived of constitutionally effective assistance of counsel in that counsel did not advise him of what appellant terms the legal defense of "justifiable escape."

The charge of escape to which appellant pleaded guilty was based upon appellant's absence from a work-release job. Appellant asserts that he left the job because he received a telephone call from a relative that his ex-wife had left his eight year old daughter alone in a house in New Jersey. Appellant says that after an unsuccessful attempt to have someone in New Jersey care for the child, he decided that he had to go to New Jersey himself. After making the trip, and insuring that his daughter was placed in the care of relatives, he immediately called the prison and told the authorities of his whereabouts. He was returned to the prison the next day. Appellant now argues that he made these facts known to his counsel before pleading guilty, and that counsel should have recognized from these facts that appellant was legally justified in escaping. *Cf.* 18 Pa.C.S. § 503.

Appellant is unable to cite any Pennsylvania case that defines the defense of justifiable escape, nor are we able to find any. Our attention is drawn to two cases from foreign jurisdictions. In *People v. Wester*, 237 Cal.App.2d 232, 46 Cal.Rptr. 699 (1965), the California Supreme Court hypothesized that it might be a legal defense to escape if a prisoner were physically forced to go with a fellow prisoner who was escaping. In *State v. Boles*, 149 W.Va. 516, 142 S.E.2d 55 (1965), the West Virginia Supreme Court held that an escape by one confined under a void judgment of sentence did not

constitute a crime.[4] Neither of these cases supports appellant's contention that his self-appointed rescue mission was a legal justification for his escape. We will not fault counsel for her failure to instruct appellant on a defense not recognized in law. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). We note that at the time of sentencing counsel did vigorously present all of these facts as mitigating circumstances. That was the proper procedure.

■ Appellant next contends that the record does not establish that he was made aware of the nature of the crime he pleaded guilty to. *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974). Appellant was told by the court:

Before we accept the plea, we would certainly indicate the nature of the offense. It has already been indicated here that the escape really constituted a failure on your part to return to the prison from your work release assignment on—I don't know the date. [date of April 3, 1975 supplied by the District Attorney]

Notes of Testimony, Guilty Plea, p. 4.

While this explanation was not extensive, we consider it adequate.

■ Appellant next contends that he never actually admitted having escaped, but that instead, in violation of Rule 319 of the Rules of Criminal Procedure, the factual basis for his plea was related to the court by his counsel. However, in *Commonwealth v. Nelson,* 455 Pa. 461, 317 A.2d 228 (1974), the Supreme Court said:

Before accepting a plea of guilty to a criminal indictment, the court is required to satisfy itself there is a factual basis for the plea of guilt. See Rule 319, Pennsylvania Rules of Criminal Procedure; *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974); *Commonwealth v. Maddox,* 450 Pa. 406, 300 A.2d 503 (1973); and *Commonwealth v. Jackson,* 450 Pa. 417, 299 A.2d 209 (1973).

---

**4.** It should be noted that under our Crimes Code, this is specifically not a defense to escape. 18 Pa.C.S.A. § 5121(c).

And, while it may be more advisable for the court to elicit from the accused personally the factual basis for the guilty plea, the failure to follow this procedure is not sufficient to invalidate the plea, if during the plea proceedings the facts of the crime and the factual basis for the plea are placed on the record in the presence of the accused and the court. Cf. *Commonwealth v. Campbell*, 451 Pa. 465, 304 A.2d 121 (1973), and *Commonwealth v. Maddox, supra.* If this is done, the purpose of Rule 319 is satisfied.

*Id.* 455 Pa. at 463–464, 317 A.2d at 229.

 Appellant finally contends that the colloquy does not establish on the record that appellant's plea was entered freely and not because of any promise or threat. It is clearly the better practice for the court to ask the defendant, before accepting a plea, whether there has been any promise or threat. *Commonwealth v. Alvarado*, 442 Pa. 516, 276 A.2d 526 (1971). Here, however, the court's failure to do so will not invalidate the plea, for after a full evidentiary hearing, the court has found as fact that appellant's plea was knowing and voluntary. Appellant has suggested no reason to disturb that finding, and our own review of the record discloses none.

Affirmed.

HOFFMAN and PRICE, JJ., concur in the result.