406 A.2d 547

**COMMONWEALTH of Pennsylvania**

v.

**Walter DAVIS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided June 15, 1979.

Martin J. Kilstein, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

On February 1, 1974, appellant entered a guilty plea on a charge of attempted theft,[1] and he was sentenced to a term of imprisonment of from time-in to twenty-three months.[2] The imposition of that sentence was, in effect, a courtroom parole, and appellant was released from custody. No direct appeal was taken from the judgment of sentence.

While on parole, appellant was arrested on January 25, 1975, and charged with robbery,[3] burglary,[4] and possession of an instrument of crime.[5] On June 23, 1975, he pleaded guilty to robbery and was sentenced to a term of imprisonment of from one and one-half to three years.[6] As a result of this conviction, a hearing was held on July 16, 1975, at which time parole was revoked on the February 1, 1974 conviction, and appellant was ordered to serve the balance of the sentence that was imposed on February 1, 1974.

On August 19, 1976, appellant filed a pro se Post Conviction Hearing Act[7] (PCHA) petition. Counsel was subsequently appointed to assist appellant in preparing an amended petition. An amended PCHA petition was filed on May 5, 1977, alleging, *inter alia,* that appellant was denied effective assistance of counsel and that his guilty plea was unlawfully induced. At the hearing on the petition, appellant argued that trial counsel was ineffective as to his

1. 18 Pa.C.S. § 901.

2. A charge of burglary was nolle prossed by the Commonwealth as part of the plea agreement.

3. 18 Pa.C.S. § 3701.

4. 18 Pa.C.S. § 3502.

5. 18 Pa.C.S. § 907.

6. The charges of burglary and possession of an instrument of crime were nolle prossed by the Commonwealth as part of the plea agreement.

7. Act of January 25, 1966, P.L. (1965) 1580 § 1 *et seq.* (19 P.S. § 1180-1 *et seq.*) (Supp.1978-79).

"methodology" of presenting the guilty plea to the court. Relief on appellant's petition was denied by the lower court on October 18, 1977, and it is from this order that appellant appeals.

On appeal, appellant contends that he was denied effective assistance of counsel at the time of his plea, and that his plea was improperly accepted by the court below because it was obtained absent an on-the-record colloquy setting forth: 1) the nature of the charges against appellant; 2) a factual basis for the guilty plea; and 3) appellant's presumption of innocence.[8]

To obtain relief under the Act, a petitioner must prove that any alleged error resulting in conviction and sentence has not been waived. 19 P.S. § 1180–3(d). A petitioner has waived an issue if he "knowingly and understandingly" failed to raise on direct appeal an issue that could have been raised then. 19 P.S. § 1180–4(b)(1). Failure to raise an issue gives rise to a rebuttable presumption of a "knowing and understanding" failure. 19 P.S. § 1180–4(c). There is no waiver, however, if a petitioner proves the existence of "extraordinary circumstances" justifying failure to raise the issue on direct appeal. 19 P.S. § 1180–4(b)(2).

■■■ Appellant's argument that trial counsel was ineffective was not waived by failing to take a direct appeal, because appellant was represented by trial counsel during the time within which appeal should have been taken.[9] When a defendant fails on direct appeal to raise ineffectiveness of trial counsel, the issue of ineffectiveness is not waived if his trial counsel was or would have been his appellate counsel. *Commonwealth v. Dimitris*, 484 Pa. 153, 398 A.2d 990 (1979); *Commonwealth v. Jones*, 477 Pa. 266, 383 A.2d 926 (1978); *Commonwealth v. Dancer*, 460 Pa. 95,

8. Because we find merit to appellant's contention that he was denied effective assistance of counsel by his trial counsel's failure to insure that appellant understood the nature of the charges, and vacate the judgment of sentence on that basis, we find it unnecessary to consider appellant's remaining contentions.

9. The record indicates that appellant's trial counsel represented him through the date of his probation revocation hearing, July 16, 1975.

331 A.2d 435 (1975); *see Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Mabie,* 467 Pa. 464, 359 A.2d 369 (1976). We will, therefore, address the merits of appellant's claims of ineffectiveness of trial counsel during the guilty plea colloquy.

 ■ Appellant contends, *inter alia,* that his trial counsel was ineffective because he failed to assure that appellant understood the nature of the charges lodged against him. (Appellant's brief at 10). We agree with appellant in his contention that trial counsel was ineffective, and we therefore reverse the judgment of sentence and remand the case to the court below for a new trial.

Our supreme court has held that a valid guilty plea "may not be accepted in the absence of a demonstration of defendant's understanding of the charges . . ." *Commonwealth v. Ingram,* 455 Pa. 198, 203, 316 A.2d 77, 80 (1974).

> "In order to demonstrate that a defendant possesses such understanding, he certainly must be told more than just that he has been charged with murder or robbery, for example. While such terms clearly connote some meaning to the layman, this meaning does not always embrace the basic legal elements of the crime. . . . Thus, for an examination to demonstrate a defendant's understanding of the charge, the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms." *Id.*

*See also Commonwealth v. Tabb,* 477 Pa. 115, 383 A.2d 849 (1978); *Commonwealth v. Holmes,* 468 Pa. 409, 364 A.2d 259 (1976); Pa.R.Crim.P. 319.

The guilty plea colloquy in the instant case is insufficient as measured by the standard established in *Ingram* and its progeny. The only questions directed to appellant which were vaguely designed to elicit information concerning his understanding of the charges were as follows:

"BY MR. BERARDUCCI [counsel for appellant]:

Q. I have represented you in this case up to this time; is that correct?

A. Yes.

Q. And I have discussed with you the charges that appear on the indictment against you; is that correct?

A. Yes . . . .

Q. Do you understand that under the bill of indictment you have been charged with burglary and attempted theft?

A. Yes.

Q. Do you understand that burglary is a felony carrying a maximum sentence of ten to twenty years?

A. Now I understand it.

Q. Do you understand attempted theft is a misdemeanor with a penalty of from one to five years?

A. Yes . . . .

THE COURT:

Q. Are you pleading guilty today because of the fact you are guilty?

A. Yes.

Q. Is it true you were found inside the premises?

A. Yes.

Q. And you had no permission to be in there?

A. No, I didn't. (N.T. 4, 5, 8)."

 It is readily apparent that the above colloquy failed to provide appellant with an adequate explanation of the elements of attempted theft. Because of this patently defective colloquy, appellant's guilty plea must be held to have been involuntary. *See Commonwealth v. Holmes, supra; Commonwealth v. Ingram, supra.* In considering appellant's claim of ineffectiveness of counsel, we are guided by the standard set forth in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352–53 (1967):

"[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as

soon as it is determined that trial counsel's decisions had any reasonable basis." (emphasis in original) (footnote omitted).

We are unable to discern any reasonable legal basis designed to effectuate appellant's interest in counsel's failure to insure that the elements of the offense were explained to appellant during the guilty plea colloquy. As such, we hold that appellant was denied effective assistance of counsel. See Commonwealth v. Holmes, supra; Commonwealth v. Bable, 248 Pa.Super. 496, 375 A.2d 350 (1977).

Accordingly, we vacate the judgment of sentence and remand to the court below for a new trial.

HESTER, J., files a dissenting statement.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

I dissent. I would affirm on the opinion of Judge Blake of the court below.