416 A.2d 1039

**COMMONWEALTH of Pennsylvania**

**v.**

**Joseph BRUNO, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Filed Dec. 12, 1979.

Lester G. Nauhaus, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before PRICE, HESTER and WATKINS, JJ.

PRICE, Judge:

Appellant entered a plea of nolo contendere to charges of theft,[1] forgery,[2] and uttering a forged instrument.[3] After the Commonwealth presented testimony establishing a factual basis for the crimes, the trial court accepted appellant's plea. Sentence was suspended, and appellant was placed on probation for a period of two years and ordered to make restitution and to pay the costs of prosecution. No direct appeal was taken. This appeal is from an order[4] of the court of common pleas denying appellant relief on his peti-

1. 18 Pa.C.S. § 3901.

2. 18 Pa.C.S. § 4101.

3. 18 Pa.C.S. § 4101(a)(3).

4. As discussed *infra*, on July 18, 1977, we granted appellant's petition to remand for the purpose of taking the testimony of one Harold DeMino, which testimony allegedly constituted after-discovered evi-

tion filed pursuant to the Post Conviction Hearing Act[5] (PCHA). On appeal, appellant contends that: the testimony of one Harold DeMino (a convicted felon whom appellant claims was the guilty party in the crimes charged) was after-discovered evidence entitling appellant to a new trial; his plea of nolo contendere was not intelligently and voluntarily entered; and that the failure of counsel to inform him of the consequences of his plea, particularly with respect to a term of probation that he was serving for previous offenses, rendered him ineffective. We agree with appellant's latter two contentions, and therefore remand the case to the court of common pleas for a new trial.[6]

The pertinent facts are as follows. On April 20, 1974, appellant entered Palmer's Drugstore in West Deer Township, Allegheny County, and cashed a payroll check for $178.36 from the Fort Pitt Packaging Company.[7] Appellant presented the check to Mr. Daniel Yanicko, pharmacist for Palmer's Drugstore, and offered as identification a driver's license bearing the name of Stanley Zelc. A week after its presentation, the check was returned to Mr. Yanicko by his bank and was marked "no account." Mr. Yanicko reported the incident to Allegheny County detectives. After Mr. Yanicko identified appellant from a set of police photographs, appellant was apprehended. Pursuant to a warrant, a search of appellant's home was subsequently conducted,

dence. Although that petition (filed on April 21, 1977) was designated as Appeal No. 698 April Term, 1977, the instant appeal, through administrative inadvertence, was not given the same appeal number, but rather was designated as Appeal No. 412 April Term, 1978. While we will maintain the present appeal number, we will, in effect, treat the appeal as if it were No. 698 April Term, 1977.

5. Act of January 25, 1966, P.L. (1965) 1580 § 1, *et seq.* (19 P.S. § 1180–1, *et seq.*).

6. Because we find merit to appellant's contentions that his plea was not knowingly or voluntarily entered and that counsel was ineffective, we need not address the issue concerning the alleged after-discovered evidence.

7. We note that throughout the notes of testimony, the check is erroneously referred to as being from the Fort Pitt Banking Company.

and the police discovered eleven other checks, all from the same series as the one previously cashed and all bearing the name of Fort Pitt Packaging Company.

At trial, after Detective Donald Durochia testified to the aforementioned facts, appellant's counsel announced that appellant had decided to change his plea from not guilty to nolo contendere. A "colloquy" was conducted, but when the Commonwealth protested that a sufficient factual basis for the crime had not as yet been established, the court called a recess to allow appellant to consult with counsel concerning the plea. Court was reconvened an hour later, and after Mr. Yanicko testified, counsel renewed appellant's plea, and it was accepted by the court.

On February 23, 1976, appellant filed a PCHA petition alleging basically the same claims he makes in the instant appeal. After a hearing on September 13, 1976, this petition was denied without prejudice to appellant to file a petition to withdraw his plea of nolo contendere. It was subsequently agreed that appellant's PCHA petition would substitute as a petition to withdraw his plea. A hearing was conducted on February 22, 1977, and appellant was denied permission to withdraw his plea per order of the Honorable James F. Clarke, dated March 21, 1977. Appellant filed a petition to this court to remand to the trial court for the taking of the testimony of Harold DeMino. *Commonwealth v. Bruno*, No. 698 April Term, 1977. That petition was granted on July 18, 1977. The trial court heard Mr. DeMino's testimony and subsequently issued an order stating that its opinion remained unchanged and denying appellant's petition to withdraw his plea of nolo contendere.

■ Our supreme court has held that a valid guilty plea may not be accepted in the absence of a demonstration of defendant's understanding of the charges. *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974); *Commonwealth v. Campbell*, 451 Pa. 465, 304 A.2d 121 (1973).

"In order to demonstrate that a defendant possesses such understanding, he certainly must be told more than just that he has been charged with murder or robbery, for example. While such terms clearly connote some meaning

to the layman, this meaning does not always embrace the basic legal elements of the crime. If this were not the case, there would be no need for instructions to a jury on such points, for certainly, an average defendant cannot be presumed to understand more than an average juror. Thus, for an examination to demonstrate a defendant's understanding of the charge, the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms. Our decision in *Commonwealth v. Campbell, supra* and *Commonwealth v. Jackson,* 450 Pa. 417, 299 A.2d 209 (1973), both of which dealt with extensive colloquys *on this point, imply* that such examination is mandatory. We now expressly hold that there is such a requirement." *Commonwealth v. Ingram, supra,* 455 Pa. at 203–04, 316 A.2d at 80. (emphasis in original).

In addition, Pa.R.Crim.P. 319(a) precludes a court from accepting a plea unless a colloquy appears on record establishing that the plea is knowingly and understandingly made. The Comment to the Rule states that at a minimum the judge must ask questions to elicit the following information.

"(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?"

Our supreme court has stressed that failure to satisfy the minimal requirements as set forth in the Comment to Rule 319 will result in reversal.

" 'We reiterate here what was said in *Ingram,* (*Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974)) at

204–05, 316 A.2d at 81: "Adherence to (the guidelines set out in the Comments to Rule 319(a)) will serve to protect the rights of the defendants while simultaneously facilitating appellate review." *Failure to satisfy these minimal requirements will result in reversal. Commonwealth v. Schork*, 467 Pa. 248, 356 A.2d 355 (1976); *Commonwealth v. Minor*, 467 Pa. 230, 356 A.2d 346 (1976).' (Emphasis supplied)." *Commonwealth v. Willis*, 471 Pa. 50, 52, 369 A.2d 1189, 1190 (1977).

Our review of the record in the instant case discloses a failure on the part of the trial court to comply even with the *minimal* requirements enumerated in the Comment to Rule 319. Nowhere in the record did the trial court explain the nature and elements of the crimes with which appellant was charged, nor did the court notify him of the presumption of innocence, the permissible range of sentences and/or fines for the offenses charged, and the fact that the court is not bound by the terms of any plea agreement that may have been made. The extreme inadequacy of the colloquy constrains us to remand to the court of common pleas for a new trial.

In ruling upon appellant's claim that he was denied effective assistance of counsel, we are guided by the standard established by our supreme court in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604–05, 235 A.2d 349, 352–53 (1967):

"[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." (footnote omitted).

Counsel's failure to insure that the plea colloquy conducted met at least the minimal standards as set forth in Rule 319 and cases of this Commonwealth has no reasonable

legal basis that we can discern. As such, we hold that appellant was denied effective assistance of counsel. *See Commonwealth v. Holmes*, 468 Pa. 409, 364 A.2d 259 (1976); *Commonwealth v. Davis*, 267 Pa.Super. 118, 406 A.2d 547 (1979); *Commonwealth v. Bable*, 248 Pa.Super. 496, 375 A.2d 350 (1977).

Accordingly, we vacate the judgment of sentence and remand to the court of common pleas for a new trial.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I respectfully dissent. The record indicates that at the time of his plea appellant was no stranger to the criminal justice system. He had served 5 years in the penitentiary for armed robbery; 2 years for passing counterfeit money and was on 5 years probation for burglary and receiving stolen goods. The sentencing proceedings covers 17 pages of the record during which appellant admitted possession of an additional 9 checks.

I would affirm on the comprehensive opinion of Judge Clarke of the court below.