## Commonwealth v. Stepongzi

*John Obrecht, Assistant District Attorney,* for Commonwealth.
*Dwight Danser,* for defendant.

WILLIAMS, *P.J.,* May 18, 1981—On November 16, 1978, defendant pled guilty to numerous counts of burglary, theft, receiving stolen property, and criminal conspiracy. On January 29, 1979, defendant was sentenced by the Honorable Clinton Budd Palmer, P.J., to four to eight years on all the charges to be served concurrently with each other but consecutive to a sentence defendant was then serving in New Jersey. On July 28, 1980, defendant filed a petition pursuant to the Post Conviction Hearing Act of January 25, 1966, P. L. (1965) 1580, 19 P.S.§ 1180-1. A hearing was held on September 26, 1980, before Williams, Jr., P.J., and the matter is now before the court for decision.

Defendant contends that his plea of guilty was unlawfully induced. Defendant argues that he was not made to understand the nature of the charges against him nor made aware of the permissible range of sentence as required by Pa.R.Crim.P. 319 and, therefore, should be permitted to withdraw his guilty plea.

It is beyond dispute that the record of the guilty plea proceeding must disclose that the elements of the crimes charged were outlined to defendant in understandable terms: Com. v. Bruno, 272 Pa. Superior Ct. 562, 416 A. 2d 1039 (1979). The record of the guilty plea proceeding of November 16, 1978,

clearly demonstrates that Judge Palmer carefully outlined the elements of each crime charged in layman's terms (notes of testimony of guilty plea colloquy, pp. 6-10). The record also demonstrates that defendant indicated that he understood the elements of the crimes for which he was pleading guilty at the time they were being explained to him. Finally, the record demonstrates that defense counsel went over the nature of the crimes defendant was pleading guilty to at the time defendant completed the guilty plea statement.

Pa.R.Crim.P. 319 also requires that defendant be made aware of the permissible range of sentences and/or fines of the offenses charged. Defendant contends this requirement was not met for two reasons: first, because the guilty plea colloquy makes reference to answers found on the guilty plea statement; and second, because defendent was not informed of the possible fine which could be imposed.

In support of this position, defendant cites Com. v. Dello Buono, 271 Pa. Superior 572, 414 A. 2d 631 (1979), for the proposition that only the guilty plea colloquy is relevant to determine whether or not the requirements of Rule 319 have been met. In Com. v. Dello Buono, supra, the court held that a subsequent sentencing colloquy could not be used to correct defects found in an earlier guilty plea colloquy. This is not authority for the proposition that a guilty plea colloquy is inadequate because reference is made to a guilty plea statement introduced as an exhibit to the guilty plea proceeding. Defendant's argument confuses the guilty plea colloquy between defendant and the court with the record of the guilty plea proceedings. Clearly, the guilty plea statement introduced as an exhibit becomes part of the record of the guilty plea proceeding.

The record in this case clearly indicates that defendant was informed of the range of possible sentences although the range of fines was excluded. In this regard it is important to note that defendant received no fine for any of the charges to which he pled guilty. In light of this fact, we find that the guilty plea was voluntarily and understandingly entered into.

Having determined that there was no defect in the guilty plea colloquy, defendant's counsel at the time of the guilty plea could not have been ineffective for failing to effectuate an appropriate colloquy. Further, the testimony adduced at the PCHA hearing clearly demonstrates that defendant discussed the possible suppression of evidence with his counsel. From this testimony it is clear that defendant made the voluntary choice to go through with the guilty plea in order to absolve his wife of all wrongdoing. In light of this, defendant's testimony to the contrary is incredible.

Finally, defendant contends that he was not advised of his right to seek a modification of his sentence. As a result, defendant failed to file such a motion within ten days as required by Pa.R.Crim.P. 1410 and thereby lost his right to appeal: Pa.R.Crim.P. 1405(c)(5). Defendant's argument has no merit.

Defendant concedes he was advised that he had the right to file a motion challenging the validity of the guilty plea and the legality of the sentence and that such motions must be filed within ten days of sentencing. Apparently, it is defendant's contention that in being so advised defendant was not advised of his right to file a motion challenging the *propriety* of the sentence. We find that the court adequately advised defendant of his rights pursuant to Pa.R.Crim.P. 1405. Therefore, the ques-

tion of whether defendant was also advised by counsel at the time of sentencing is irrelevant and defendant's reliance on Com. v. White, 277 Pa. Superior Ct. 109, 419 A.2d 685 (1980), is misplaced.

For the foregoing reasons, we enter the following

## ORDER

And now, May 18, 1981, upon consideration of the law and facts of this case, defendant's Post Conviction Hearing Act petition is hereby dismissed.