434 A.2d 128
**COMMONWEALTH of Pennsylvania**
v.
**Norvell Lee SHERARD, Appellant.**

Superior Court of Pennsylvania.

Submitted March 6, 1980.

Filed Aug. 14, 1981.

Petition for Allowance of Appeal Denied Nov. 3, 1981.

Bruce D. Foreman, Harrisburg, for appellant.

Marion E. MacIntyre, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before CERCONE, P. J., WATKINS and MONTGOMERY, JJ.

MONTGOMERY, Judge:

Appellant takes this appeal from the lower court's denial of his Post Conviction Hearing Act,[1] hereinafter PCHA, petition without a hearing. The order of the lower court is affirmed for the reasons set forth below.

On September 10, 1973, appellant was arraigned on a charge of prison breach,[2] at which time he entered a plea of not guilty and requested a jury trial. On the date set for trial, October 4, 1973, appellant withdrew his plea of not guilty and entered a plea of guilty to the charge. Following a thorough colloquy, he was sentenced to a term of imprisonment of one to two years to begin and be computed from the expiration of the ten to twenty year sentence he was and is serving, and to run consecutively thereto. No motion to withdraw the guilty plea was filed nor was a direct appeal taken. Appellant subsequently filed pro se and supplemental PCHA petitions during November, 1978, alleging unlawful inducement of his guilty plea and ineffective assistance of trial counsel.

■ In denying appellant's petitions without a hearing, the Honorable William W. Caldwell found that the allegations raised were unsupported by the record. A PCHA hearing may be denied if it is determined that the claims set forth in the petition are unsupportable by the record and

1. Post Conviction Hearing Act, Act 1966, January 25, P.L. 1580 (1965), 19 P.S. § 1180-1 et seq. Repealed 1978, April 28, P.L. 202, No. 53, § 2(a) [1397], effective June 27, 1980, now implemented by Pa.R.Crim.P., Rules 1501 through 1506.

2. 18 P.S. § 4309, 1939, June 24, P.L. 872, § 309. Replaced by 18 Pa.C.S.A. § 5121, 1972, Dec. 6, P.L. 1482, No. 334, § 1, eff. June 6, 1973.

frivolous. *Commonwealth v. Cimaszewski*, 234 Pa.Super. 299, 339 A.2d 95 (1975). A review of the record as it relates to appellant's PCHA claims results in a determination that the lower court's summary dismissal of appellant's petition was proper.

Appellant's first allegation is that the evidence produced in support of his guilty plea did not establish the offense of prison breach. He claims that, therefore, his guilty plea should not have been accepted. Perusal of the record compels us to disagree with appellant's argument. The evidence presented at the guilty plea hearing was as follows:

At approximately 8:00 p. m. on June 3, 1973, appellant and three other inmates of Dauphin County Prison were observed crouching on a catwalk above the kitchen area, a restricted area, by another inmate who reported it to an on duty guard. A search disclosed that there was one inmate in the kitchen area proper, and appellant and the remaining two inmates were found on the catwalk. The guards' search also revealed a homemade key in the lock of the door securing the cell block area in which all four inmates were supposed to be confined. During the hearing, appellant freely admitted that he was fully aware that he had left the area of confinement and was in a restricted area in which, under prison rules, he was not permitted to be. He also admitted that he knew that once in the restricted area, he would have access to the outside.

■ Section 309 of the 1939 Penal Code, 18 P.S. § 4309, which appellant was charged with violating, stated that:

"Any person undergoing imprisonment whether before or after conviction, who breaks prison or escapes, or shall break prison although no escape is actually made, is guilty of prison breach . . ."

It is clear, based upon the statutory language and the facts as attested to at the guilty plea hearing, that all of the elements for prison breach were established. Appellant's guilty plea was, therefore, properly accepted and no evidentiary hearing was necessary to determine the propriety of that acceptance.

■ Appellant's second allegation involves the effectiveness of his trial counsel. He claims that his trial counsel was ineffective in failing to advise him of the required proof for conviction of prison breach, and in encouraging him to plead guilty despite the purported lack of sufficient evidence to establish the offense. We disagree. As discussed above, the evidence conclusively demonstrates that each element of the crime could have been and was satisfied. As to being advised of the proof required for conviction of the offense, appellant was so advised on the record by the hearing court and by defense counsel.

During the colloquy, defense counsel asked appellant: Mr. Barto (Defense Counsel): "Do you understand the full impact of the charge that's been brought against you, that you did try to leave Dauphin County Prison while awaiting trial?"

Appellant: "Yes."

Later, the lower court directed a question to appellant: The Court: "By pleading guilty, you are giving up that protection, and you are admitting that you tried to escape from jail."

Appellant: "Yes."

The Court: "Do you understand that?"

Appellant: "Yes."

Though appellant did then comment that his intention was not to leave the jail, he admitted, as noted earlier herein, that he knew he was in a restricted area, impermissibly so, and that he would have access to the outside. Furthermore, the prosecution subsequently noted that this action alone established the crime of prison breach.

After further questioning, the lower court queried, The Court: "But you are admitting that what you did legally does constitute the crime of prison breach?" ·

Appellant: "I was in a restricted area, yes."

From the above dialogue, it is evident that appellant knew he had exceeded the bounds of lawful confinement in direct violation of 18 P.S. § 4309. See, *Commonwealth v. Schwartz*, 251 Pa.Super. 36, 379 A.2d 319 (1977).

■ It is unclear what elements of the offense appellant would have had clarified. Appellant was incarcerated, he left his legally permissive area, and entered a restricted one without permission or authority. All of these elements were reviewed in the lower court's conversation with appellant. We are therefore satisfied that appellant was fully advised of and understood the nature of the charge and the requisite proof for conviction. Consequently, defense counsel cannot be deemed ineffective as the evidence was sufficient to establish the offense, and appellant was fully advised of the nature of the crime. A review of the record and the law as it stood at that time evinces that defense counsel's representation was effective. See, e. g., *Commonwealth v. Weathers EL*, 485 Pa. 28, 400 A.2d 1295 (1979).

■ Lastly, appellant claims that the lower court erred in summarily dismissing his PCHA petition without an evidentiary hearing. The foregoing analyses clearly indicate that appellant's claims were frivolous and unsupported by the record. The lower court, therefore, properly dismissed appellant's petition without an evidentiary hearing. *Commonwealth v. Cimaszewski*, supra.

Order affirmed.

CERCONE, President Judge, dissents.