446 A.2d 304

COMMONWEALTH of Pennsylvania

v.

Wilbert H. BELLEMAN, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted Feb. 24, 1981.

Filed May 28, 1982.

John D. Enck, Lebanon, for appellant.

William L. Thurston, Assistant District Attorney, Lebanon, for Commonwealth, appellee.

Before SPAETH, WIEAND and JOHNSON, JJ.

JOHNSON, Judge:

This is an appeal from the denial of appellant's Post Conviction Hearing Act[1] [PCHA] petition. After a guilty plea, appellant was sentenced to imprisonment for one and a half to four years on a charge of escape[2] and one to two years on a charge of indecent assault,[3] the sentences to run

---

1.  Act of January 25, 1966, 1965 P.L. 1580, No. 554, § 1, repealed by the Act of April 28, 1978, P.L. 202, No. 53, § 2(a), effective June 27, 1980, *as amended by* the Act of June 26, 1980, P.L. 265, No. 77, § 2, which delayed repeal until June 27, 1981, *as further amended by* the Act of June 26, 1981, P.L. 123, No. 41, § 1, which further delayed repeal until June 27, 1982; 19 P.S. §§ 1180–1 to 1180–14 (Pamp. 1981).

2.  18 Pa.C.S.A. § 5121(a) (Purdon 1973), which provides:
    (a) Escape.—A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.

3.  18 Pa.C.S.A. § 3126.

concurrently. The charges arose out of an incident which occurred while appellant, a prisoner at the Lebanon County Prison, was temporarily away from a work detail engaged in menial tasks in Monument Park outside the prison grounds and within the City of Lebanon. He had sought and received permission to leave the park in order to use a men's room at a nearby gasoline service station. According to appellant, the designated men's room was out of order, so he proceeded further up the street to a pizza shop where he found another men's room.

Instead of returning directly to the work detail in Monument Park, appellant made a detour, during which he indecently assaulted a woman in her back yard. The Lebanon County Prison officer in charge of the work detail was just starting to look for appellant when he came running up the street towards the work site. Appellant rejoined the work party which remained on the work site for another hour and a half before returning to the prison. The next morning appellant was charged with escape and indecent assault.

After the sentencing appellant filed no post-sentence motions. Subsequently, with the aid of new counsel, he filed a petition under the Post Conviction Hearing Act, alleging that the plea of guilty to the charge of escape was not voluntary. A hearing was held and the petition was dismissed. Appeal to this court from that dismissal was timely filed. Appellant's appeal is based on the contentions (1) that his guilty plea to the escape charge was unlawfully induced by threats from the prison warden (who was related to the victim of the indecent assault); (2) that prior to the plea he was not advised by his counsel as to the elements of the crime of escape, nor as to any defenses he might have; (3) that at the guilty plea colloquy there was disagreement as to the factual basis for the charge, and again no discussion of the elements of the offense of escape; (4) that counsel did not advise him of the defects in the guilty plea colloquy. The latter three claims are embraced in a claim of ineffectiveness of counsel: that counsel was ineffective in not objecting to the defects and in not advising him of the defects.

The Commonwealth argues that these issues are waived because of appellant's failure to move to withdraw his guilty plea or to file a direct appeal. The Commonwealth also argues that appellant has not shown extraordinary circumstances justifying this failure.

Under the PCHA, a petitioner may be eligible for relief if he can prove, *inter alia*, that his plea of guilty was unlawfully induced, and that the error asserted is not finally litigated or waived. 19 P.S. § 1180–3(c)(7), (d). Waiver occurs where a petitioner knowingly and understandingly fails to raise the issue at a time when he could have done so. 19 P.S. § 1180–4(b). The existence of extraordinary circumstances justifying the failure to raise the issue at the appropriate time counteracts the waiver. 19 P.S. § 1180–4(b)(2). It is settled law that ineffectiveness of counsel constitutes extraordinary circumstances and thus precludes a finding of waiver under the PCHA. *Commonwealth v. Holmes*, 468 Pa. 409, 364 A.2d 259 (1976); *Commonwealth v. Peele*, 291 Pa.Super. 84, 435 A.2d 231 (1981). Since three of the issues are raised in the context of a claim of ineffectiveness of counsel they are not waived. Furthermore, because we find that appellant's guilty plea colloquy was defective and that he must therefore be allowed to withdraw the plea, we address neither the claim that the plea was unlawfully induced by threats (thus constituting "extraordinary circumstances"), nor either of the other two remaining claims.

It is the rule that defendants must be advised of the elements of the crime to which they are pleading guilty. *See* Pennsylvania Rule of Criminal Procedure 319, which provides that a judge shall not accept a plea of guilty unless he determines, after inquiry of the defendant on the record, that the plea is voluntarily and understandingly tendered. Pa.R.Crim.P. 319(a), (b)(2). Our supreme court has ruled that an adequate on-the-record colloquy must include a demonstration that the defendant understands the nature of the charges. *Commonwealth v. Campbell*, 451 Pa. 465, 304 A.2d 121 (1973). The court has also held that "for an examination to demonstrate a defendant's understanding of

the charge, the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms." *Commonwealth v. Ingram*, 455 Pa. 198, 203–204, 316 A.2d 77, 80 (1974). In *Commonwealth v. Hines*, 496 Pa. 555, 437 A.2d 1180 (1981), our supreme court reversed the lower court's denial of a PCHA petition and remanded the case for trial after concluding that the guilty plea colloquy demonstrated no factual basis for the guilty plea, and no basis to conclude that the defendant understood the nature and elements of the charges against him.

In the case now before us, the colloquy, which was conducted by the assistant district attorney, was as follows with respect to the charge of escape:

MR. LONG: Mr. Belleman, do you understand that you are charged with the offense of escape in that on or about May 3d of 1978, while undergoing imprisonment in the Lebanon County Prison after being sentenced by the Court on May 17th, 1977, to serve two and one-half years less one day to five years less two days on a charge of criminal conspiracy, burglary, attempted burglary and theft, and again on April 12th 1978, to serve one and one-half years to four years on charges of indecent assault and indecent exposure, to run concurrent with your prior sentence, after being granted permission by Sterling Clements, a prison guard, to go to the bathroom at Seventh and Lehman Streets while you were on work detail with the Lebanon County Prison, that you failed to return and that you left, you ran from Mr. Clements and did not come back to the prison? Is that what you did?

THE DEFENDANT: No.

MR. LONG: What did you do?

THE DEFENDANT: I went to the bathroom, like it says, but after I, I did, I went back to Mr. Clements at the park. And from there I was out there for about an hour, an hour and a half, and then we came back to jail.

MR. PARKER: You were given permission to go to the bathroom, and you went some place else other than the bathroom?

THE DEFENDANT: Yes.

MR. LONG: Where did you go other than the bathroom?

THE DEFENDANT: Just running around.

MR. LONG: Running around where?

THE DEFENDANT: Lebanon.

MR. LONG: Lebanon—

THE DEFENDANT: Around that area.

MR. LONG: So you were given permission to go to the bathroom and you were supposed to come right back, and you didn't do that. You took off—

THE DEFENDANT: (Nods affirmatively.)

MR. LONG: —is that correct?

THE DEFENDANT: Yes.

The district attorney next discussed the elements of the indecent assault charge, and then told appellant what were the maximum sentences for the two crimes; he advised appellant of his right to trial by jury, to the presumption of innocence, to participate in the selection of the jurors, and of his right to testify or to remain silent; the prosecution also asked whether appellant understood the terms of the plea bargain. Next, the judge carefully advised appellant of his right to file post-sentence motions and to appeal thereafter, and asked him if he was satisfied with his counsel's representation. Nowhere, however, do we see any description of the elements of the crime of escape.

In *Commonwealth v. Sherard*, 290 Pa.Super. 58, 434 A.2d 128 (1981), *petition for allowance of appeal denied*, November 3, 1981, a guilty plea colloquy was held not to be invalid where the lower court's conversation with the defendant showed that the defendant knew that he was incarcerated, had left his legally permissive area and had entered a restricted one without authority or permission. This court was satisfied that the defendant was fully advised of and understood the nature of the charge and the requisite proof for conviction. In the instant appeal, we are not so satisfied.

In *Commonwealth v. Schwartz*, 251 Pa.Super. 36, 379 A.2d 319 (1977), the court's statement to the defendant, prior to accepting a guilty plea, that his escape consisted of his failure to return to prison from a work release assignment, was held by this court to be an adequate explanation. In the case before us we do not even have that much, particularly in view of the fact that the factual basis asserted by the district attorney, i.e., that appellant did not come back to the prison, was disputed by appellant. Appellant did agree that he "took off" after going to the bathroom, but not that he failed to return. And nowhere is there an explanation of the elements of the offense of escape.

Later in the colloquy at the guilty plea the following interchange occurred:

THE COURT: The second issue would be the competency of your counsel. Now, you've talked with Mr. Parker before today on a number of occasions, have you not?

THE DEFENDANT: Yes.

THE COURT: He's explained the nature of the elements to you and what possible defenses you have?

THE DEFENDANT: (Nods affirmatively.)

Although this segment of the colloquy may be relevant to the issue of the ineffectiveness of counsel in not having himself explained to the defendant what the charges were and what his defenses might be, we are not satisfied that this is an on-the-record demonstration that the defendant received and understood the elements of the crimes with which he was charged within the meaning of the *Hines* and *Ingram* cases.

Despite the careful manner in which the district attorney conducted the colloquy with respect to some of the mandatory requirements,[4] the absence of any explanation of the elements of the crime of escape is a fatal defect to the guilty plea. *Commonwealth v. Hines, supra; Commonwealth v. Ingram, supra, Commonwealth v. Bruno*, 272 Pa.Super. 562,

4. *See* the Comment by the Criminal Procedural Rules Committee to Pa.R.Crim.P. 319, 42 Pa.C.S.A. (Pamp.1981).

416 A.2d 1039 (1979); *Commonwealth v. Davis,* 267 Pa.Super. 118, 406 A.2d 547 (1979).

■ Because of the defect, appellant's guilty plea must be held to have been involuntary. *See* the *Hines, Ingram, Bruno* and *Davis* cases cited *supra.* In considering appellant's claim of ineffectiveness of counsel we are guided by the standard set forth in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967).

> [O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis.

427 Pa. at 604–605, 235 A.2d at 352–53 (footnote omitted).

■ From the transcripts of the PCHA hearing as well as of the guilty plea colloquy we can discern no reasonable basis designed to effectuate his client's interest in counsel's failure to be certain that appellant understood to what he was pleading guilty with respect to the charge of escape. Nor can we conceive of any. Therefore we find that counsel was ineffective in not ensuring a knowing and understanding plea. *Commonwealth v. Davis, supra.*

The order is reversed and the case is remanded for trial.

WIEAND, J., files a dissenting statement.

WIEAND, Judge, dissenting:

I respectfully dissent. I would affirm the order dismissing appellant's P.C.H.A. petition for reasons ably set forth in the opinion of the Honorable G. Thomas Gates for the court below.