371 A.2d 1389
## COMMONWEALTH of Pennsylvania
v.
## Frank LARK, Appellant.

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided March 31, 1977.

Joseph C. Spaulding, Philadelphia, for appellant.

Steven H. Goldblatt, Assistant District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On October 12, 1972, appellant Frank Lark was convicted by a court sitting without a jury of Aggravated Robbery. He was sentenced to imprisonment for not less than eighteen months nor more than five years. On appeal, this court affirmed the judgment of sentence. *Commonwealth v. Lark,* 228 Pa.Super. 825, 316 A.2d 629 (1974). The Supreme Court of Pennsylvania denied allocatur. 228 Pa.Super. lvii.

On May 20, 1975, appellant filed a pro se petition under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. 1580, § 1 (19 P.S. § 1180–1 (Supp.1976–77)) *et seq.* Appellant's petition alleged, *inter alia,* that his pre-trial lineup had been conducted in the absence of counsel in violation of his sixth amendment right to effective assistance of counsel. The petition also alleged that appellant was indigent and requested the appointment of counsel.

The lower court responded by dismissing the petition without a hearing and without determining whether appellant was indigent and entitled to the appointment of counsel. This was in violation of well settled Pennsylvania law.[1] In *Commonwealth v. Adams,* 465 Pa. 389, 391, 350 A.2d 820, 821–22 (1976), the supreme court held:

"Summary disposition of a petition, without appointment of counsel, is permitted only 'when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he . . . was represented by counsel in proceedings thereon.' Pa.R. Crim.P. 1504. *See Commonwealth v. Smith,* 459 Pa. 583, 330 A.2d 851 (1975); *Commonwealth v. Haynes,* 234 Pa. Super. 556, 340 A.2d 462 (1975).

1. We note that although this appeal was submitted on briefs at the June, 1976 session, to date the Commonwealth has not filed its brief.

Since Adams in his petition, alleged that he was indigent and requested appointment of counsel, the hearing court should have determined if Adams were, in fact, indigent and if so, counsel should have been appointed to assist him."

*See also Commonwealth v. Triplett,* 467 Pa. 510, 359 A.2d 392 (1976).

■ The lower court, citing *Commonwealth v. Tunnell,* 463 Pa. 462, 345 A.2d 611 (1975),[2] deems the issue waived by reason of section 4(b) of the PCHA Act of January 25, 1966, P.L. (1965) 1580 (19 P.S. § 1180–4(b)). The theory of waiver or finally litigated cannot be predicated upon an uncounseled proceeding. *Commonwealth v. Fiero,* 462 Pa. 409, 341 A.2d 448 (1975); *Commonwealth v. Minnick,* 436 Pa. 42, 258 A.2d 515 (1969).

Appellant has not previously filed a petition raising the issue he seeks to raise now. Therefore, this case must be remanded to determine whether Lark's request for the appointment of counsel should be granted and to allow any requested amendments to the pending petition.

It is so ordered.

---

**2.** The lower court actually cites *Commonwealth v. Waters,* 463 Pa. 465, 345 A.2d 613 (1975), which clearly is incorrect. We assume the error arises by reason of the sequence of the opinions in the Atlantic 2d Reports.