378 A.2d 968
**COMMONWEALTH of Pennsylvania**

v.

**Joseph B. EDDIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 8, 1976.
Decided Oct. 6, 1977.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

VAN der VOORT, Judge:

█ Appellant Joseph B. Eddis was arrested on October 21, 1975, charged with rape, burglary, simple assault, and aggravated assault. Appellant appeared for trial on February 5, 1976, at which time the burglary charge was nolle prossed. A colloquy was conducted, appellant pleaded guilty to rape and aggravated assault, and the lower court accepted the pleas and placed appellant on probation for five years. Appellant filed a petition to withdraw his guilty plea,[1] which was denied on March 16, 1976. Appeal was then taken to our court.

█ Appellant argues that his guilty plea was not knowingly and intelligently entered because the lower court neglected to advise him of the elements of the crimes with which he was charged.[2] We agree. The law in this Commonwealth has been that a defendant must be advised of the nature and elements of the charges against him. *Commonwealth v. Minor*, 467 Pa. 230, 356 A.2d 346 (1976); *Common-*

1. The necessity of first filing a petition with the lower court to withdraw a guilty plea has been previously indicated by our court. *Commonwealth v. Cooke*, 244 Pa.Super. 328, 368 A.2d 741 (1976).

2. Because of our disposition of this case, it is unnecessary for us to consider the other arguments made by appellant.

346

*wealth v. Dixon*, 237 Pa.Super. 525, 352 A.2d 101 (1975); *Commonwealth v. Kearse*, 233 Pa.Super. 489, 334 A.2d 720 (1975). In the case before us, appellant was asked the following question: "You understand that you are in court today for trial on the charges of rape, burglary, simple assault, and aggravated assault; do you understand that?" Appellant indicated that he understood, and no mention was made at all of the elements of those crimes. This single question merely *naming* the crimes was clearly insufficient and requires a reversal.

Reversed and remanded for new trial.