380 A.2d 395

COMMONWEALTH of Pennsylvania

v.

James Early CHANDLER, II, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Dec. 2, 1977.

Robert E. Kerper, Jr., Assistant Public Defender, and William F. Ochs, Jr., Public Defender, Reading, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, Reading, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that his guilty plea was not voluntarily and intelligently entered because the on-the-record guilty plea colloquy was inadequate.[1] We agree and, therefore, vacate the judgment of sentence and remand for a new trial.

On December 10, 1975, pursuant to a negotiated plea of guilty, appellant was sentenced on indictment No. 718 to confinement for not less than six months nor more than 36 months on a charge of carrying a firearm without a license.[2] This sentence was consecutive to a sentence of not less than one year nor more than two years of confinement on an escape charge[3] on indictment No. 993. In addition, appellant was ordered to pay a total of $1500, the costs of the two prosecutions.[4]

Before accepting the sentencing recommendations of the Assistant District Attorney, the lower court conducted the following on-the-record colloquy:

"THE COURT: All right. Now, Mr. Chandler, do you understand that you have the right to—do you understand what the charges against you presently are?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: With respect to the firearms or escape?

"THE DEFENDANT: Yes, Your Honor.

1. Because appellant has raised issues other than the voluntariness of his guilty plea, this Court can consider the voluntariness issue on direct appeal without requiring appellant first to file a petition to withdraw the pleas with the lower court. *Commonwealth v. Marvin*, 248 Pa.Super. 452, 375 A.2d 184 (1977); *Commonwealth v. Brunner*, 244 Pa.Super. 607, 371 A.2d 1296 (1976); *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975).

2. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 6106.

3. The Crimes Code, supra; 18 Pa.C.S. § 5121.

4. Because it appears that appellant assigns as error the voluntariness of the guilty plea and the resultant sentence pursuant to indictment No. 718 only, the result we reach affects only the judgment of sentence on that indictment. We render no opinion as to the propriety of the sentence stemming from indictment No. 993.

"THE COURT: You understand the facts behind them?

"THE DEFENDANT: Yes.

"THE COURT: And do you understand that you have a right to have your guilt or innocence on each of these charges determined by a jury trial, at which trial you may be represented by counsel free to you if you cannot afford your own, and further at which trial there would be a presumption of innocence in your favor until rebutted by the Commonwealth beyond a reasonable doubt. Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: You have heard the terms of the proposed—of the promised recommendations and you understand that if I do not choose to follow it you may withdraw the pleas of guilty and proceed to trial if you choose. Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: Let me ask, do you understand by making these pleas you will be sentenced and you will be sentenced to the recommended sentences with additional fines and costs as determined by the Court, and if I choose not to follow the recommendations, as I have said before, you may withdraw the pleas. Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: Let me ask, have you consulted with your counsel before making these pleas?

"THE DEFENDANT: Yes.

"THE COURT: Are you doing this of your own free will?

"THE DEFENDANT: Yes.

"THE COURT: Have you taken any alcoholic beverages within the last 24 hours?

"THE DEFENDANT: No.

"THE COURT: Have you taken any drugs or medication with drugs in the last 48 hours?

"THE DEFENDANT: No.

"THE COURT: I'm satisfied that the defendant is pleading voluntarily, intelligently and knowingly and I'll accept the pleas."

Appellant asserts that because the lower court's colloquy was deficient, the sentence imposed must be vacated. Rule 319(a) of the Pennsylvania Rules of Criminal Procedure states that a "judge . . . shall not accept [a plea of guilty] unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly made. Such inquiry shall appear on the record." [5]

The appellate courts of this Commonwealth have frequently stated the requirements of the guilty plea colloquy. See Gafni and Shellenberger, *Guilty Plea Colloquy in Pennsylvania*, 48 Pennsylvania Bar Association Quarterly 259 (1977). It is clear that before accepting a plea of guilty, the trial court must demonstrate that the defendant understands the nature of the charges. *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976); *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974); *Commonwealth v. Maddox*, 450 Pa. 406, 300 A.2d 503 (1973); *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A.2d 196 (1968). In *Commonwealth v. Ingram*, supra 455 Pa. at 203, 316 A.2d at 80, the Pennsylvania Supreme Court stated for the first time that "for an examination to demonstrate a defendant's understanding of the charge, the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms." The Pennsylvania Supreme Court has also required that the record demonstrate a factual basis for the plea so as to insure that the defendant thoroughly understands the acts he is charged with having committed and how those acts constitute the offense with which he is charged. *Commonwealth v. Ingram*, supra; *Commonwealth*

5. This mandate applies to both guilty pleas generally and pleas entered pursuant to negotiations or agreements as in the instant case. While Rule 319(b)(1)–(2), dealing specifically with plea agreements, prohibit the trial judge from participating in negotiations, and require all the terms of the agreement to be stated in court, in the presence of the defendant, Rule 319(b)(3) reaffirms the fundamental requirement of Rule 319 that all pleas must be voluntary and knowing.

*v. Campbell,* 451 Pa. 465, 304 A.2d 121 (1973); *Commonwealth v. Jackson,* 450 Pa. 417, 299 A.2d 209 (1973); *Commonwealth v. Maddox,* supra; *Commonwealth ex rel. West v. Rundle,* supra.

The colloquy in the instant case is clearly deficient when evaluated against these standards. At no time did the lower court explain the nature of the charges against appellant nor discuss the elements of the offenses. Certainly the question "Do you understand what the charges against you presently are . . . ?" cannot be construed to satisfy this requirement. Further, the lower court's inquiry into the existence of a factual basis for the plea is contained in one sentence: "You understand the facts behind [the charges]?" This inquiry falls far short of comporting with the requirements enumerated by the Pennsylvania Supreme Court, stressing the necessity for a colloquy which complies with Rule 319, thereby insuring that all pleas are voluntarily and intelligently entered.

Having concluded that the guilty plea colloquy in the instant case is inadequate because it failed to demonstrate both that the appellant understood the nature of the charges and that there was a factual basis for the plea, we vacate the judgment of sentence and remand for a new trial.

WATKINS, President Judge, files a dissenting opinion in which PRICE and VAN der VOORT, JJ., join.

WATKINS, President Judge, dissenting:

In this case there was a plea bargain and the court accepted the recommendation for sentence. I feel that the colloquy at sentencing was sufficiently detailed in light of the plea bargain arrangement. Therefore I would hold that the guilty plea was voluntarily and intelligently made and would affirm the judgment of sentence of the court below.

PRICE and VAN der VOORT, JJ., join in this dissenting opinion.