384 A.2d 959

**COMMONWEALTH of Pennsylvania**

v.

**Darrell Ray HALL, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided April 13, 1978.

28

Simon B. John, Assistant Public Defender, Uniontown, for appellant.

Conrad B. Capuzzi, District Attorney, Uniontown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

The instant appeal arises from appellant's plea of guilty to robbery for which appellant was sentenced to imprisonment for a term of two to five years. Appellant claims that the lower court erred in not permitting him to withdraw his plea prior to sentencing.[1] We agree and will reverse and remand for a new trial.[2]

The facts upon which the robbery charge rest developed while appellant and the victim were drinking companions. During the course of their drinking alcoholic beverages appellant took money from the victim which the victim had kept in his shoes. Essentially on these facts the Commonwealth and appellant agreed to a plea bargain. In return for a plea of guilty to the lesser offense of larceny the Commonwealth recommended that appellant receive a sentence of 11½ to 23 months to run concurrently with another sentence he was then serving.[3] When the bargain was tendered for the court's approval, the court questioned appellant and the victim concerning the facts of the case. The victim claimed that appellant beat him in the course of taking the money, but appellant denied using force or even threats of force. Nevertheless, the court rejected the plea agreement and gave appellant the requisite option of withdrawing his plea immediately. Pa.R.Crim.P., Rule 319(b)(3). Following a brief consultation with counsel, appellant en-

1. At the beginning of appellant's sentencing hearing counsel immediately moved to withdraw the plea, pointing specifically to the defects in the colloquy, discussed in the text below, which we find to be reversible error. Hence, *Commonwealth v. Roberts*, 237 Pa.Super. 336, 352 A.2d 140 (1975) notwithstanding, this issue has been preserved.

2. This case was previously before us when appellant's counsel submitted a petition to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968). We found counsel's petition and his brief for appellant defective in several respects and ordered counsel to submit a brief on the merits. See *Commonwealth v. Hall*, 250 Pa.Super. 13, 378 A.2d 428 (1977).

3. Appellant had previously been found guilty of stealing a "CB" radio.

tered a plea of guilty to robbery, after which a colloquy pursuant to Pa.R.Crim.P., Rule 319 ensued.

As appellant indicates in his brief, the colloquy was deficient in a variety of respects, but particularly troublesome is the court's failure to describe to any extent the elements of the offense of robbery.[4] *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974); *Commonwealth v. Eddis*, 250 Pa.Super. 344, 378 A.2d 968 (1977). The court merely named the offense, an oversight especially prejudicial herein because, as mentioned above, appellant repeatedly denied having used force or threatening to use force on the victim, claiming that the victim's rib injuries were inflicted at a later time by someone else. In short, appellant denied having committed robbery, which the Crimes Code, 18 Pa.C.S. § 3701 (1973) defines, in pertinent part, as follows:

"(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury; or

(iii) commits or threatens immediately to commit any felony of the first or second degree."

Given the current statutory definition of robbery in Pennsylvania, and appellant's insistence that he used no force or threats of serious bodily harm in obtaining the victim's money, it is apparent that appellant did not understand the acts sufficient to constitute the crime with which he was charged. See *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 106, 237 A.2d 196 (1968). Concomitantly, appellant's denials should have alerted the court that, from appellant's viewpoint, there was not a factual basis for the plea. *Commonwealth v. Maddox*, 450 Pa. 406, 300 A.2d 503 (1973). With respect to the offense of robbery, this was a case

4. The Commonwealth virtually concedes this fact, arguing that we should infer appellant learned the elements of the offense of robbery during his discussions with counsel. Obviously the very terms of Rule 319(a) prohibit us from doing so.

where appellant literally pleaded " 'guilty' from one side of his mouth and 'not guilty' from the other [side]." *Commonwealth v. Roundtree*, 440 Pa. 199, 202, 269 A.2d 709, 711 (1970). Hence, we hold that the court erred in accepting appellant's guilty plea to robbery at the outset, and compounded that error by refusing to permit appellant to withdraw his plea prior to sentencing. Pa.R.Crim.P., Rule 320.

Judgment of sentence is reversed and the case is remanded for a new trial.

SPAETH, J., concurs in the result.

WATKINS, former President Judge did not participate in the consideration or decision of this case.