396 A.2d 704

**COMMONWEALTH of Pennsylvania**

v.

**Leroy G. BUHL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided Dec. 29, 1978.

Jeffrey P. Bowe, Assistant Public Defender, Pottsville, for appellant.

Richard B. Russell, District Attorney, Pottsville, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, Judge:

The instant appeal arises from the denial of appellant's petition under the Post Conviction Hearing Act, 19 P.S. § 1180–1 et seq. (Supp.1978), following a hearing thereon. The gist of this appeal is that appellant, who pleaded guilty to escape and various other charges on January 12, 1976, did not understand and concur in the plea agreement which was

the basis for his guilty plea, and that the transcript of the colloquy conducted at that time does not rebut that contention. Appellant further contends that this issue has not been finally litigated or waived by his failure to take a direct appeal following the imposition of sentence, because he was not informed of his obligation to perfect an appeal within thirty days of sentencing and of his right to the assistance of counsel in prosecuting that appeal. Post Conviction Hearing Act, 19 P.S. § 1180–4 (Supp.1978). We agree with appellant's contentions, will reverse the order of the court below denying his petition, vacate the judgment of sentence, and remand for a new trial. The relevant facts are as follows:

On May 22, 1974 appellant was convicted of inciting to riot for which he subsequently received a sentence of one to three years in prison. In November of 1974 appellant again appeared in court on charges of assault and resisting arrest. When a verdict of guilty was returned on November 8, 1974, appellant allegedly bolted the custody of the sheriff. As a consequence, while appellant remained a fugitive, additional charges including the aforementioned charge of escape were filed against him. Approximately one year later, having discussed his situation with counsel, appellant surrendered to the custody of the Schuylkill County authorities. Thereafter, appellant's counsel and the district attorney's office engaged in the negotiations which led to the guilty plea herein contested.

The principal bone of contention in this case is appellant's alleged misapprehension of the plea agreement in that he thought he was to receive sentences on escape and the other charges concurrent with those sentences he had previously received. The district attorney's office argues that this claim is without merit because the terms of the plea agreement were announced in open court and in appellant's presence at the conclusion of the guilty plea waiver colloquy, and specifically provided that a one-to-two year sentence for escape was to be consecutive to sentences previously im-

posed.[1] Furthermore, the sentence, as the court imposed it, reiterated this facet of the agreement. Appellant, on the other hand, maintained that he did not then understand what consecutive and concurrent meant and, furthermore, that he has a substantial hearing defect which impaired his ability to hear and fully understand the proceedings. In any event, appellant contends, it is the duty of the court receiving the plea to conduct an inquiry of the defendant to ascertain that he understands and concurs in the plea agreement, and that the court did not do so in the instant case. We are constrained to agree.

First, we cannot hold that appellant waived his right to challenge the validity of his guilty plea by failing to file a petition to withdraw the plea or challenging it on direct appeal. Although the court informed appellant that his plea of guilty limited the issues cognizable on appeal to the voluntariness of the plea, the legality of the sentence, and the jurisdiction of the court, there was no mention of the time limit for taking an appeal nor did the court apprise appellant of his right to counsel on appeal and of the consequences of his failure to take a direct appeal immediately. Under these circumstances we cannot presume a valid waiver of appellant's right to appeal. See generally *Commonwealth v. Wilson,* 430 Pa. 1, 241 A.2d 760 (1967). Furthermore, because appellant's private counsel was admittedly in Europe during the period when filing an appeal from the judgments of sentence was running, so that appellant's efforts, as well as his wife's, to discuss an appeal with counsel were unavailing, for all practical intents and purposes appellant's failure to take an appeal was uncounselled—another circumstance barring our presumption of a valid waiver of appellate rights. See *Commonwealth v. Lark,* 247 Pa.Super. 185, 371 A.2d 1389 (1977); *Commonwealth v. Olsen,* 247 Pa.Super. 513, 372 A.2d 1207 (1977); *Commonwealth v. Haynes,* 234 Pa.Super. 556, 340 A.2d 462 (1975). Consequently, appellant's challenge to the validity of his guilty plea in his PCHA petition was not untimely.

1. The sentences on the remaining charges, principally motor vehicle violations, were concurrent to previously imposed sentences.

█ Turning to the merits of appellant's claim, the Pennsylvania Rules of Criminal Procedure, Rule 319(b)(2) provides:

"When counsel for both sides have arrived at a plea agreement they shall state on the record in open court, in the presence of the defendant, the terms of the agreement. Thereupon the judge *shall* conduct an inquiry of the defendant on the record to determine whether he understands and concurs in the agreement." [Emphasis added.]

In the instant case, when the district attorney placed his interpretation of the plea agreement on the record, the judge did not inquire of appellant concerning his understanding of its meaning. If he had, the instant dispute may have been avoided, because the objective of the guilty plea colloquy is to assure that the plea is made with an understanding of the charges and an awareness of the consequences. See, e. g., *Commonwealth v. Johnson,* 460 Pa. 169, 178, 331 A.2d 473 (1975). *Commonwealth v. McNeill,* 453 Pa. 102, 106, 305 A.2d 51 (1973). Appellant's full and proper understanding of the consequences of the plea was necessary to its validity. *Commonwealth v. Zuber,* 466 Pa. 453, 460, 353 A.2d 441 (1976). See also *Kercheval v. United States,* 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). In addition, in restating the consequences of the plea for the accused's benefit, the court should employ clear and understandable terms, for it is not the prosecutor's interpretation of the agreement which controls but, rather, the accused's reasonable expectations which are material. *Commonwealth v. Alvarado,* 442 Pa. 516, 522, 276 A.2d 526 (1971). Since the court in the instant case failed to ascertain on the record that appellant understood the consequences of his guilty plea, the plea is invalid.[2]

**2.** The Commonwealth argues that even if the colloquy was inadequate under Pa.R.Crim.P., Rule 319(b)(2), the Commonwealth demonstrated that appellant did, in fact, know the difference between "consecutive" and "concurrent" with respect to sentencing. The difficulty with the Commonwealth's argument is that the record must establish, prima facie, that the accused fully understood the conse-

For the foregoing reasons, the order of the court below is reversed, the judgment of sentence is vacated, and the case is remanded for a new trial.

HESTER, J., notes his dissent.

PRICE, J., files a concurring statement.

VAN der VOORT, J., files a dissenting statement.

HOFFMAN, J., did not participate in the consideration or decision of this case.

PRICE, Judge, concurring:

I concur in the result reached by the majority. I do so, however, only in the interests of judicial economy. It is clear, in spite of the court below's direction to see P. 4 of the Sentencing Transcript, that this appellant was not advised of his appeal rights, nor was he advised of his right to counsel. Neither brief is at all helpful, at least to me, in pinpointing the issues or articulating the law.

Normally I would, like Judge Van der Voort, be in favor of remanding for a Petition to Withdraw Guilty Plea and hearing. In effect, however, that has already been done, albeit, by way of the PCHA hearing. The fact remains that the court below's colloquy at sentencing was fatally flawed. I can see nothing to be gained from a remand as suggested by the dissent.

I therefore join in vacating the judgment of sentence and ordering a new trial.

quences of his pleading guilty. See, e. g., *Commonwealth v. Chandler,* 251 Pa.Super. 98, 380 A.2d 395 (1977). Permitting the Commonwealth to supplement an inadequate record in these circumstances by proof of extrinsic facts would substantially undercut the prophylactic purposes which the colloquy on the record is supposed to achieve. As the Comment to Rule 319 states:

"[T]he terms of the plea agreement should be stated in the record and it should be made clear that the defendant understands the nature and the effect of the agreement."

184

VAN der VOORT, Judge, dissenting:

I respectfully dissent. Our Pennsylvania Courts have consistently held that, when a defendant wants to challenge the validity of his guilty plea, he must file a petition in the trial court to withdraw his plea. Assuming, as does the majority of our court, that the defendant has not waived his right to challenge the validity of his guilty plea by not taking a direct appeal (an assumption I would not make), our court should not make the determination that defendant's guilty plea was invalid. The correct procedure in my judgment is for our court to remand the case to the court below to allow the defendant-appellant to petition that court to withdraw his plea.