419 A.2d 558
**COMMONWEALTH of Pennsylvania**
v.
**Raymond C. SCOTT, Appellant.**
Superior Court of Pennsylvania.
Submitted April 12, 1979.
Filed March 28, 1980.

Peter H. Shaffer, Butler, for appellant.

Robert F. Hawk, Assistant District Attorney, Butler, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and WATKINS, JJ.

VAN der VOORT, Judge:

Appellant Raymond C. Scott was arrested on March 25, 1975, charged at No. 105 June Term, 1975, with rape, kidnapping, assault, and conspiracy. Appellant escaped from Butler County Prison on June 25, 1975, but was re–arrested and brought before the court on June 30, 1975. On that date, appellant pleaded guilty to the charges at No. 105 and also, at a separate proceeding, at No. 64 September Term, 1975, to charges of escape, implements of escape, aggravated assault, and theft. Appellant filed a petition on August 8, 1975 for permission to withdraw his pleas, but verbally withdrew the petition in open court on August 15, at which time sentence totaling twelve to twenty–five years imprisonment was imposed.

Appellant took no direct appeal, but on September 28, 1976 filed a PCHA petition alleging an involuntary guilty plea and ineffective assistance of counsel. The lower court denied the petition by Order dated January 6, 1977, without

granting a hearing. By Order dated September 27, 1977, our court vacated the lower court's Order of January 6, and remanded the case to the court below for the appointment of new counsel to assist appellant with his PCHA petition, and for a full evidentiary hearing on the petition. Hearing was held on March 16, 1978, and the petition was dismissed by Order dated April 25, 1978. By Order dated June 27, 1978, our court granted appellant leave to file an appeal nunc pro tunc, which appeal was filed with our court on July 7, 1978.[1]

Appellant argues that his guilty pleas were not knowingly, intelligently, and voluntarily entered, since the elements of the crimes charged were not explained on the record at the time appellant entered his pleas. In *Commonwealth v. Ingram*, 455 Pa. 198, 204, 316 A.2d 77, 80 (1974), our Supreme Court expressly held that:

> "However, our finding of a sufficient 'factual basis' does not necessarily mean that defendant 'understood the nature of the charges against him.' While it is permissible for a defendant to enter a valid guilty plea even if he does not expressly admit every element of the crime, a valid guilty plea may not be accepted in the absence of a demonstration of defendant's understanding of the charges. *Commonwealth v. Campbell*, 451 Pa. 465, 304 A.2d 121 (1973)."

In the course of entering his guilty plea in the instant case the defendant filed a "Petition to Enter Plea of Guilty". His petition is part of the record. In it he stated the following:

> (2) I am represented by counsel and the name of my lawyer is Darrell L. Kadunce, Esq.

1. Although appellant failed to take a direct appeal, this case is properly before us at this time. According to testimony of both appellant's trial counsel and appellant himself at the PCHA hearing, appellant requested that counsel file a direct appeal with our court. Counsel made no effort to assist appellant in perfecting an appeal or in obtaining new counsel, but merely suggested that appellant contact the public defender's office. There is no indication that counsel attempted to obtain court permission to withdraw his representation. In light of counsel's ineffectiveness in failing to file an appeal, appellant's claim of an involuntary guilty plea is not waived. *Commonwealth v. Holmes*, 468 Pa. 409, 364 A.2d 259 (1976).

(3) I have received a copy of the indictment before being called upon to plead, and have read the indictment and discussed it with my attorney and fully understand every charge made against me in this case.

(4) I have told my attorney all the facts and surrounding circumstances as known to me concerning the matters mentioned in the indictment and believe that my attorney is fully informed as to all such matters. My attorney has since informed me and has counselled and advised with me at length as to the nature and cause of each accusation against me as set forth in the indictment and as to any possible defenses I might have in this case.

At the PCHA hearing, appellant's counsel, Darrell L. Kadunce, testified as follows:

"Q. Okay, Now did you later become aware, after getting all the facts and everything, what charges were against Raymond?

A. Yes, I did.

Q. Did you explain fully to Mr. Scott the different charges, whether in laymen's language or reading the statute, what he was charged with?

A. Well, I didn't read the statutes to him specifically, the reason for that being that I seldom do that unless I have a client who is well trained enough or educated enough that I believe he could understand them, but I did go over the elements in laymen's terms with him as to what he was being accused of."

■ From the petition to enter his plea, from the plea proceedings and from the Post Conviction Hearing proceedings it is clear appellant was advised on the record of the elements of the offenses charged to him at No. 105 June Term 1975 and that appellant knowingly, intelligently and voluntarily entered his plea of guilty.

■ The record provided our court does not contain notes of testimony of the June 30, 1975 proceeding at which appellant pleaded guilty to the charges at No. 64 September

Term 1975. We therefore remand the record to the lower court for completion of the record on No. 64, involving the escape, implements of escape, aggravated assault, and theft charges.

Affirmed as to No. 105 June Term 1975. Remanded for completion of the record at No. 64 September Term, 1975.

SPAETH, J., files a concurring and dissenting opinion.

SPAETH, Judge, concurring and dissenting:

Since the transcript of the guilty plea hearing on No. 64 September Term 1975 has not been included in the record filed with this court, we cannot decide the adequacy of the colloquy given pursuant to that plea, and therefore cannot decide the issue of counsel's effectiveness. Accordingly, I join in that portion of the majority's order that remands for the completion of the record with respect to No. 64 September Term 1975. However, I dissent from that portion of the majority's order that holds that the guilty plea colloquy at No. 105 June Term 1975 was adequate and that counsel was therefore effective. Settled authority demonstrates that the colloquy was not adequate, and that counsel was ineffective in failing to ensure that it was adequate.

It is settled that the colloquy must include an inquiry into the defendant's understanding of the charges to which he is pleading guilty. Pa.R.Crim.P., Rule 319 (Comment); *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976); *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). In the course of this inquiry the lower court must explain in understandable terms the nature and elements of the offenses charged. *Commonwealth v. Tabb*, 477 Pa. 115, 383 A.2d 849 (1978). *See also Commonwealth v. Stolle*, 254 Pa.Super. 483, 386 A.2d 53 (1978). The record in this case contains no such explanation. In nevertheless holding the colloquy adequate, the majority relies on the following statements by appellant in his petition to plead guilty:

(3) I have received a copy of the indictment before being called upon to plead, and have read the indictment and discussed it with my attorney and fully understand every charge made against me in this case.

(4) I have told my attorney all the facts and surrounding circumstances as known to me concerning the matters mentioned in the indictment and believe that my attorney is fully informed as to all such matters. My attorney has since informed me and has counselled and advised with me at length as to the nature and cause of each accusation against me as set forth in the indictment and as to any possible defenses I might have in this case.

These conclusory statements do not satisfy the requirements of Rule 319. While counsel may conduct the guilty plea colloquy in the place of the trial judge, *see* Rule 319 (Comment); *Commonwealth v. Ingram, supra*, nevertheless, whether conducted by the judge or counsel, the explanation of the charges still must appear as part of the colloquy, for it is the colloquy itself that must objectively demonstrate that the nature and elements of the offenses charged have been both explained and understood. *See Commonwealth v. Buhl*, 262 Pa.Super. 178, 182 n. 2, 396 A.2d 704, 706 n. 2 (1978) ("record must establish, prima facie, that the accused fully understood the consequences of his pleading guilty"); *Commonwealth v. Blackwell*, 258 Pa.Super. 121, 126, 392 A.2d 714, 716 (1978) ("on–the–record colloquy must objectively demonstrate that the elements of the crimes were explained") (footnote omitted). We may not attempt to cure an inadequate colloquy by looking outside the colloquy itself, for to "supplement an inadequate record . . . by proof of extrinsic facts would substantially undercut the prophylactic purposes which the colloquy on the record is supposed to achieve." *Commonwealth v. Buhl, supra*, 262 Pa.Super. at 183 n. 2, 396 A.2d at 706 n. 2. *See Commonwealth v. Kulp*, 476 Pa. 358, 382 A.2d 1209 (1978).

Even if we were permitted to supplement an inadequate colloquy by proof of extrinsic facts, here there was no such proof. Neither the lower court nor the majority of this court can know what counsel told appellant. Certainly appellant is not competent to say that he was "fully informed" by counsel. For all the lower court or the majority of this court knows, he was misinformed, either because counsel told him something wrong, or neglected to tell him

484

something he needed to know. This would hardly be the first case in which counsel was thus delinquent in fulfilling his obligations to his client.

In *Commonwealth v. Hall*, 253 Pa.Super. 27, 384 A.2d 959 (1978), in a situation similar to the one presented here, this court declined the Commonwealth's invitation to infer that the defendant learned the elements of the offense during discussions with his counsel, stating that "[o]bviously the very terms of Rule 319(a) prohibit us from doing so." *Id.*, 253 Pa.Super. at 30 n. 4, 384 A.2d at 960 n. 4. Even more recently, in *Commonwealth v. Davis*, 267 Pa.Super. 118, 406 A.2d 547 (1979), the colloquy was held to have contained an insufficient explanation of the nature of the offenses even though counsel had specifically referred to the fact that he had previously discussed the charges with the defendant. Since there could be no reasonable basis for not ensuring that the colloquy was adequate, we held counsel ineffective. I can find no basis for the majority's failure to do the same here.

As to No. 64 September Term 1975, I concur in the order remanding for completion of the record.

As to No. 105 June Term 1975, I should hold counsel ineffective and remand with instructions that appellant may withdraw his guilty pleas.