J-S50010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| STEVEN HOLMES | : | |
| Appellant | : | No. 277 EDA 2020 |

Appeal from the PCRA Order Entered December 12, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006549-2017

BEFORE: BENDER, P.J.E., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED: MARCH 8, 2021**

Appellant, Steven Holmes, appeals from the post-conviction court's December 12, 2019 order denying his timely-filed petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant argues that his guilty plea was not knowing, intelligent, and voluntary, and that his plea counsel was ineffective for not objecting to the defective plea colloquy. After careful review, we affirm.

The PCRA court summarized the pertinent facts and procedural history of Appellant's case, as follows:

> [Appellant] pleaded guilty on April 9, 2018, to a single count of voluntary manslaughter[3] and received a negotiated sentence of 10 to 20 years in prison. He admitted that on July 30, 2017, in Pottstown, Montgomery County, he got into a fistfight with Diamonde Stone. []N.T., … Plea[/Sentencing], 4/9/18, [at] 14[.] At some point during the fight, or after the two had been separated, [Appellant] stabbed Stone with a knife. ***Id.***

---

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] further testified that he had no lawful justification for stabbing Stone[,] and that[] he was aware Stone had died. *Id.* at 15. When the Commonwealth asked [Appellant] if the stabbing had resulted because he was caught up in the heat of an argument, [Appellant] stated:

> Um, not exactly…. I was being pinned down by him and two other fellows and my girlfriend was being stomped. Carolyn Ayala, she was being stomped. And[,] in order to get the beating stopped, I stabbed him.

*Id.*

> [3] 18 Pa.C.S. § 2503(a)(1) ("A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by … the individual killed."). [Appellant] had been charged with first[-]degree murder, third[-]degree murder[,] and possession of an instrument of crime ("PIC"). As part of the negotiated plea agreement, the Commonwealth amended the PIC charge to voluntary manslaughter and *nol prossed* the remaining two charges.

Later in the plea proceeding, this court recited the elements of voluntary manslaughter and [Appellant] admitted to doing all of the things necessary to commit the offense. *Id.* at 17. He also stated during the plea proceeding that the victim "didn't deserve that." *Id.* at 26.

[Appellant] did not file a post-sentence motion or a direct appeal, thereby making his judgment of sentence final on or about May 9, 2018. He filed a *pro se* PCRA petition on or about November 19, 2018.

Appointed PCRA counsel filed an amended petition[,] claiming the guilty plea colloquy was defective because [Appellant] had made a statement suggestive of a self-defense claim, without any follow-up by the prosecutor, plea counsel[,] or the court. The amended petition further asserted that plea counsel had been ineffective in failing to object to the colloquy.

The Commonwealth filed an answer and motion to dismiss[,] arguing, *inter alia*, that [Appellant] admitted during questioning by this court that he had done all the things necessary to commit the offense of voluntary manslaughter. This court issued a

[Pa.R.Crim.P. 907] notice of intent to dismiss and PCRA counsel filed a response. In an abundance of caution, this court held a hearing on the amended petition, at which [Appellant] initially intended to rely on the notes of testimony from the guilty plea proceeding[,] but later also presented testimony from himself.

Following the hearing, PCRA counsel provided this court with a copy of **Commonwealth v. Flanagan**, 854 A.2d 489 (Pa. 2004), which [Appellant] relied on for the propositions that there could be no conceivable basis for plea counsel to have acquiesced to a patently defective plea colloquy[,] and that a manifest injustice occurs when a defendant enters a plea without a basic understanding of the legal principles giving rise to criminal responsibility. [PCRA] counsel further indicated he also was relying on the other cases[4] cited in his response to the notice of intent to dismiss.

[4] **Commonwealth v. Roundtree**, 269 A.2d 709 (Pa. 1970), **Commonwealth v. Blackman**, 285 A.2d 521 (Pa. 1971), **Commonwealth v. Thompson**, 351 A.2d 280 (Pa. 1976), **Commonwealth v. Buhl**, 396 A.2d 704 (Pa. Super. 1978); **Commonwealth v. Guyton**, 480 A.2d 330 (Pa. Super. 1984), **Commonwealth v. Fluharty**, 632 A.2d 312 (Pa. Super. 1993), and **Commonwealth v. Jones**, 640 A.2d 1330 (Pa. Super. 1994). The Commonwealth relied on **Commonwealth v. Mallory**, 941 A.2d 686 (Pa. 2008), and **Commonwealth v. Spotz**, 18 A.3d 244 (Pa. 2011), for the proposition that the instant case does not involve *per se* ineffectiveness and, as a result, the claim must be analyzed under the three-prong test of arguable merit, lack of reasonable basis and prejudice.

Upon consideration of the evidence presented at the PCRA hearing, the case law cited by the parties and an independent review of the record, this court denied the amended petition. [Appellant] appealed[,] and subsequently complied with this court's directive to produce a concise statement of errors in accordance with Pennsylvania Rule of Appellate Procedure 1925(b).

PCRA Court Opinion (PCO), 3/5/20, at 1-4. The PCRA court filed its Rule 1925(a) opinion on March 5, 2020.

Herein, Appellant states three issues for our review:

I. Whether … [Appellant's] assertion, during his guilty plea, of facts which, if believed, would establish a viable claim of self-defense, vitiates the knowing, intelligent, and voluntary nature of … [Appellant's] plea in the absence of any subsequent on-the-record inquiry by the [c]ourt or counsel as to … [Appellant's] understanding of the availability of an affirmative defense?

II. Whether counsel was ineffective for acquiescing in the patently defective guilty plea colloquy?

III. Whether Appellant waived his challenge to the validity of his plea resulting from ineffective assistance of counsel by not filing a post-sentence motion or direct appeal?

Appellant's Brief at 4.

Initially, we note that:

"In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Johnson*, … 966 A.2d 523, 532 ([Pa.] 2009).  We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." *Id.*

*Commonwealth v. Matias*, 63 A.3d 807, 810 (Pa. Super. 2013).

In Appellant's first issue, he contends that his guilty plea was unknowing, unintelligent, and/or involuntary because, after he made statements indicating that he had a self-defense claim, the court failed to "advise [him] that the defense, if established, would entitle him to an acquittal, [and] also that his act of entering a plea precluded any further opportunity of asserting his defense."  Appellant's Brief at 13 (quoting *Commonwealth v. Thompson*, 351 A.2d 280, 283 (Pa. 1976)).  He also maintains that his plea colloquy was defective because it did not set forth a

sufficient factual basis to establish that he possessed the *mens rea* necessary to be guilty of voluntary manslaughter. ***Id.*** at 17.

We agree with the PCRA court that Appellant waived these challenges to the validity of his plea. ***See*** PCO at 5. Appellant failed to file with the trial court a motion to withdraw his plea based on these alleged defects in the plea colloquy. To be eligible for post-conviction relief, the petitioner must demonstrate "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post[-]conviction proceeding." 42 Pa.C.S. § 9544(b). Because here, Appellant could have raised his challenge to the allegedly defective colloquy at the time of his plea, or in a post-sentence motion to withdraw his plea, his failure to do so waives this claim for our review.

Appellant's next two issues are interrelated and, thus, we will address them together. He argues that his plea counsel was ineffective for failing to object to the ostensibly defective plea colloquy on the basis that he expressed a potential self-defense claim, yet the court failed to advise him that he could potentially be acquitted if he asserted such a defense at trial. He claims that he has "established that a manifest injustice occurred by the trial court's acceptance of [his] plea," and that counsel could have had no reasonable basis for not objecting. Appellant's Brief at 18. Appellant further asserts that he did not waive this ineffectiveness claim for our review.

Initially, we agree with Appellant that his issue was preserved by his filing of a timely PCRA petition. In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed its prior holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the PCRA. **Holmes**, 79 A.3d at 576. The specific circumstances under which ineffectiveness claims may be addressed on direct appeal are not present in the instant case. **See id.** at 577-78 (holding that the trial court may address claim(s) of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review"). Thus, Appellant did not waive his ineffectiveness claim by not raising it in a post-sentence motion or on direct appeal.

In addressing the merits of Appellant's ineffectiveness argument, we are mindful that,

> [a] criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty.
>
> > We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA, 42 Pa.C.S.[] § 9543(a)(2)(ii). The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

In order for [an a]ppellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. [An a]ppellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

Moreover, trial counsel is presumed to be effective.

**Commonwealth v. Rathfon**, 899 A.2d 365, 369 (Pa. Super. 2006) (cleaned up).

In support of his ineffectiveness argument, Appellant relies solely on **Flanagan**. There, Flanagan pled guilty to murder and robbery. He claimed, on collateral review, that his plea counsel had been ineffective by failing to object to the defective plea colloquy on the basis that the court had provided a "materially erroneous statement of the controlling law" in advising Flanagan that his status as an accomplice made him vicariously liable for any crimes committed by the principle.[1] **Id.** at 501. The colloquy also failed to provide an adequate factual basis for the plea. **Id.** at 500. Based on the totality of these circumstances, our Supreme Court agreed with Flanagan that "the colloquy supporting [his] pleas was defective, by reason of both an absence

---

[1] This was erroneous because a person must act with the requisite *mens rea* to be convicted as an accomplice. **See Flanagan**, 854 A.2d at 501; 18 Pa.C.S. § 306(d).

- 7 -

of a contemporaneous record of the factual basis for the plea and the erroneous accomplice liability instruction." *Id.*

The *Flanagan* Court then stressed that,

[i]n terms of the other requirement for relief based on ineffectiveness, lack of reasonable basis, there is no reason that we can conceive of which would justify plea counsel's acquiescence in the patently defective colloquy under review in this case. Moreover, the PC[R]A court made an express credibility finding rejecting plea counsel's proffered excuse for not insisting on an adequate colloquy.

Indeed, it is difficult to hypothesize a more concrete example of a facially defective colloquy, and correspondingly legally unknowing plea, than a circumstance in which the plea court causes the [Appellant] to affirm a materially erroneous understanding of the substantive law establishing criminal liability on the offenses charged. By supplying the wrong legal framework against which to assess the facts, the plea court exacerbated the effect of the substantial deficiency arising out of its failure to adduce the factual basis and rendered the plea unknowing on the face of the record presented.

*Id.* at 502 (internal citations omitted).

Appellant now claims that, as in *Flanagan*, he has "established that a manifest injustice occurred by the trial court's acceptance of [his] plea," and he "is entitled to relief under the [PCRA] permitting him to withdraw his plea." Appellant's Brief at 18. In rejecting Appellant's argument, the PCRA court focused on the fact that Appellant did not demonstrate his plea counsel acted unreasonably by not objecting to the allegedly defective colloquy. The court noted that, unlike in *Flanagan*, plea counsel had not been called to testify at Appellant's PCRA hearing. *See* PCO at 5. The court pointed out that Appellant had received a favorable plea deal, by which he

- 8 -

pleaded guilty to an amended charge of voluntary manslaughter in exchange for the Commonwealth['s] agreeing not to proceed with more serious charges of first- and third-degree murder. He also avoided the potential for a sentence of life imprisonment, had he been found guilty of first[-]degree murder. As such, plea counsel may have had a reasonable basis for not addressing [Appellant's] statement at the plea hearing, and [Appellant] did not carry his burden at the PCRA hearing of proving otherwise.

*Id.* at 8-9.

On appeal, Appellant argues that, under the rationale of ***Flanagan***, he did not need call his counsel to testify to establish the unreasonableness of her failure to object. According to Appellant, ***Flanagan*** holds that "[t]here can be no reasonable basis for counsel to fail to object to a patently defective colloquy[,] which facilitates a defendant's entry of an unknowing and unintelligent plea." Appellant's Brief at 20 (citing ***Flanagan***, 854 A.2d at 502). Appellant further insists that "plea counsel's testimony at the evidentiary hearing in ***Flanagan*** played no role in the Court's decision[,]" and that "the ***Flanagan*** Court made clear that there was nothing that counsel could testify to[] which would constitute a reasonable basis for failing to object to the patently defective colloquy." ***Id.***

Appellant's reading of ***Flanagan*** is incorrect. The ***Flanagan*** Court did not hold that an attorney can ***never*** have a reasonable basis for failing to object to a defective plea colloquy. Rather, the Court held that there was no conceivable reason that "would justify plea counsel's acquiescence in the patently defective colloquy ***under review in this case***." ***Flanagan***, 854 A.2d at 502 (emphasis added). Were the defects in Appellant's plea colloquy

- 9 -

the same as those in *Flanagan*, we would find more compelling his argument that his plea counsel's testimony was unnecessary to proving her ineffectiveness. However, unlike in *Flanagan*, Appellant does not claim that the court misstated the law during his colloquy, and there was also a sufficient factual basis for his plea to voluntary manslaughter.

In the latter regard, we reject Appellant's assertion that the facts failed to establish the *mens rea* for voluntary manslaughter. "A person who kills an individual without lawful justification commits voluntary manslaughter if[,] at the time of the killing[,] he is acting under a sudden and intense passion resulting from serious provocation by … the individual killed[.]" 18 Pa.C.S. § 2503(a)(1). At Appellant's plea colloquy, the court and Appellant had the following exchange:

> [The Court:] [The criminal information] reads as follows: That you did kill Diamonde Stone without lawful justification while acting under a sudden and intense passion resulting from serious provocation by Diamonde Stone. Is that correct?
>
> [Appellant:] That's correct, sir.
>
> [The Court:] Those are the facts you are pleading guilty to?
>
> [Appellant:] I am.

N.T. Plea/Sentencing, 4/9/18, at 17. The facts admitted by Appellant were sufficient to establish that he committed voluntary manslaughter. Therefore, the defects in his colloquy were not the same as those in *Flanagan*.

Moreover, the PCRA court discerned that counsel

> may have had a reasonable, strategic basis for not following up on [Appellant's] statement [indicating that he may have acted in self-defense]. [Appellant] received a favorable plea agreement

- 10 -

that removed the possibility of a first-degree murder conviction and life in prison in exchange for a sentence of 10 to 20 years. Without plea counsel's testimony, however, [Appellant] did not carry his burden of proving the lack of a reasonable basis.

Notably, and while not raised by the parties at the PCRA hearing, a review of the transcript from [Appellant's] preliminary hearing, which was filed of record in this case, demonstrates that plea counsel knew of [Appellant's] claim that his girlfriend was being assaulted during the incident. []N.T., Preliminary Hearing, 9/29/17, p. 23[.] This is not a case, therefore, where plea counsel failed to act after [Appellant] testified to new information that was suggestive of a possible defense. Instead, plea counsel was aware of the possible defense[,] and [Appellant] did not carry his burden of proving plea counsel lacked a reasonable basis for her challenged inaction.

PCO at 10-11 (footnotes omitted). The court also found that Appellant "did not present credible evidence at the PCRA hearing that he and his plea counsel did not discuss the potential for a self-defense claim prior to the guilty plea hearing." *Id.* at 9 (footnote omitted).

Based on this record, we discern no error or abuse of discretion in the PCRA court's rationale. Appellant did not call his plea counsel to the stand at the evidentiary hearing so she could explain her reasons for not objecting to the alleged defect in his colloquy. More recently than *Flanagan*, our Supreme Court has declared that "a lawyer should not be held ineffective without first having an opportunity to address the accusation in some fashion." *Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (quoting *Commonwealth v. Colavita*, 993 A.2d 874, 895 (Pa. 2010)). While there may be cases where the absence of a reasonable strategy is uncontested, there is "a strong preference that counsel be heard from before being found

ineffective." ***Colavita***, 993 A.2d at 895. "The ultimate focus of an ineffectiveness inquiry is always upon counsel, and not upon an alleged deficiency in the abstract." ***Id.*** at 896. The ***Colavita*** Court also stressed that,

> it is particularly problematic to render an appellate finding of *per se* unreasonableness in a case where the PCRA judge, whose decision was under review, discerned a reasonable strategy from the trial record alone and, for good measure, the PCRA judge also presided at trial. At a minimum, these circumstances should at least have given the panel pause before rendering its *per se* finding.

***Id.*** at 895.

In this case, the PCRA court, who also presided over Appellant's trial, surmised that counsel may have reasonably decided not to object to the purportedly defective plea colloquy because she had secured a good plea deal for Appellant, which removed the possibility of a murder conviction carrying a life sentence. Additionally, counsel was aware, based on Appellant's preliminary hearing testimony, that he claimed he was attacked by the victim, and Appellant did not convince the PCRA court that counsel never discussed a potential self-defense claim with him prior to the plea colloquy. Given the presumption that counsel acts effectively, we discern no error in the court's belief that counsel likely discussed Appellant's version of events with him prior to his decision to plead guilty. From that discussion, counsel may have decided that Appellant did not have a viable claim of self-defense, thus

- 12 -

explaining her failure to object to the colloquy after Appellant's at-issue statement.[2]

Clearly, unlike in **Flanagan**, we can conceive of a reasonable basis for counsel to have not objected to Appellant's plea colloquy. Thus, the record supports the PCRA court's decision that, because Appellant failed to call plea counsel to the stand at the evidentiary hearing, he did not meet his burden of proving that counsel acted unreasonably by not objecting to the allegedly deficient plea colloquy. Appellant is incorrect that **Flanagan** excused him from this burden of proof, where the alleged defect in his plea colloquy is not the same as the defects in **Flanagan**. Therefore, the court did not err in denying his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/21

---

[2] For instance, as the Commonwealth points out, Appellant "did not say that he did not provoke the encounter; he did not say that he thought he would die or sustain serious injuries; [and] he did not say he could not retreat." Commonwealth's Brief at 23.